## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY POFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-936-R |
| | ) | |
| OKLAHOMA DEPARTMENT | ) | |
| OF HUMAN SERVICES; | ) | |
| ED LAKE, an individual; and | ) | |
| TONY BRYAN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S COMBINED RESPONSE
## IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorney for Defendant Oklahoma*
*Department of Human Services,*
*Ed Lake, and Tony Bryan.*

## TABLE OF CONTENTS

**Page**

**I.  STATEMENT OF THE CASE**  ........................................................................  **1**

**II. ARGUMENT AND AUTHORITIES**  ...............................................................  **3**

    **A.  The First Amended Complaint fails to state a claim upon which any relief can be granted against DHS.**  ..................  **3**

    **B.  The First Amended Complaint fails to state a claim upon which any relief can be granted against Defendants Lake and Bryan.**  ..........................................................  **5**

**III. CONCLUSION**  ............................................................................................  **7**

**CERTIFICATE OF SERVICE**  ..........................................................................  **9**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMBERLY POFF,                     )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        Case No. CIV-15-936-R
                                   )
OKLAHOMA DEPARTMENT                )
OF HUMAN SERVICES;                 )
et al.,                            )
                                   )
            Defendants.            )

## DEFENDANTS' REPLY TO PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO DEFENDANTS MOTIONS TO DISMISS

## I.  STATEMENT OF THE CASE

Currently before the Court are the separate Motions to Dismiss and Supporting Brief of the Defendant Oklahoma Department of Human Services ("DHS") and Defendants Ed Lake ("Lake") and Tony Bryan ("Bryan") and the Plaintiffs' "Combined Response in Opposition" to the Defendants' Motions.

In its Motion (Doc. #9), DHS seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

(1) The Plaintiff cannot recover against DHS as a matter of law on her claim for "retaliation discrimination" asserted in the first cause of action of her First Amended Complaint (Doc. #1-3);

(2) The Plaintiff's third cause of action for "negligence" fails to state an actionable tort cause of action against DHS under the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq.; and,

1

(3) The Plaintiff cannot recover against DHS as a matter of law on her claim for employment-based discrimination in "violation of Oklahoma public policy and statutory law" asserted in her fourth cause of action.

Likewise, in their Motion (Doc. #10), Defendants Lake and Bryan also seek dismissal of this action pursuant to Rule 12(b)(6) because:

(1) The Plaintiff cannot recover under 42 U.S.C. §1983 as a matter of law on her claim for "First Amendment retaliation" asserted against these Defendants in the second cause of action of her First Amended Complaint;

(2) These Defendants are entitled to qualified immunity from personal liability in their individual capacities for the Plaintiff's §1983 claim alleged in this case;

(3) The Plaintiff's third cause of action against these Defendants for "negligence" is barred by the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq.;

(4) The Plaintiff cannot recover against these Defendants as a matter of law on her claim for employment-based discrimination in "violation of Oklahoma public policy and statutory law" asserted in her fourth cause of action; and,

(5) The Plaintiff's fifth cause of action fails to allege an actionable "civil conspiracy" against these Defendants.

In her "Combined Response" (Doc. #17) in opposition to the Defendants' Motions to Dismiss, the Plaintiff stipulates to the dismissal of her §1983 claim against DHS and her negligence claim against Defendant Lake (but not

Defendant Bryan).  <u>See</u> Doc. #17 at page 22.   However, the Plaintiff contends her other claims in this case should not be dismissed because her First Amended Complaint states a claim for relief under §1983 for First Amendment retaliation that is plausible on its face and that Defendants Lake and Bryan are not entitled to qualified immunity from liability for the Plaintiff's §1983 claim against them. <u>Id.</u>, at pages 6-16.   In addition, the Plaintiff asserts her First Amended Complaint sufficiently alleges a claim for civil conspiracy and that she has also stated an actionable claim against DHS and Defendants Lake and Bryan for violation of Oklahoma public policy.  .  <u>Id.</u>, at pages 17-22.

The Defendants respectfully disagree and submit that dismissal of the Plaintiff's First Amended Complaint in its entirety is indeed warranted under Rule 12(b)(6).

## II.  ARGUMENT AND AUTHORITIES

### *A.  The First Amended Complaint fails to state a claim upon which any relief can be granted against DHS.*

Clearly <u>*all*</u> of the Plaintiff's claims against DHS in this case must be dismissed.   The Plaintiff has stipulated to the dismissal of her §1983 claim of "retaliation discrimination" asserted in the first cause of action of her First Amended Complaint and this Court may therefore summarily dismiss that claim against DHS at this time. <u>See</u> Doc. #17 at page 22.

Next, as DHS pointed out in its brief in support of its Motion to Dismiss, the Plaintiff's "negligence" claim for breach of DHS's alleged duty of care "in training,

supervising and retaining employees" asserted in the third cause of action of her First Amended Complaint will not lie against DHS under the Governmental Tort Claims Act and its statutory exemptions from tort liability applicable to this case. See Doc. #9 at pages 10-12.   Furthermore, such a tort has never been recognized in Oklahoma.  See Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health and Substance Abuse Services, #CIV-14-1438-C (W.D. Okla.)(Cauthron, J.)("Memorandum Opinion and Order" (Doc. #31) filed Apr. 29, 2015, at pages 4-5)(copy attached as Exhibit 2 to Doc. #9)).

Finally, the Plaintiff's claim against DHS (and Defendants Lake and Bryan) under the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §§1101-1706, for "violation of Oklahoma public policy and statutory law" asserted in the fourth cause of action of her First Amended Complaint must be dismissed.  The remedy provided by the OADA at 25 O.S. §1350 does not permit a cause of action against a state agency like DHS for the type of "discrimination" claimed by the Plaintiff in this case (i.e., a retaliatory discharge for exercising her First Amendment and Oklahoma constitutional rights to free speech).  See McDonald v. Corporate Integris Health, 2014 OK 10, ¶11, 321 P.3d 980.  Instead, §1350 is intended to be limited to "status based" discrimination which the Plaintiff has not alleged in this case.

### B. The First Amended Complaint fails to state a claim upon which <u>any relief can be granted against Defendants Lake and Bryan</u>.

Like the Plaintiff's claims against DHS, it is equally clear that <u>*all*</u> of her claims against Defendants Lake and Bryan in this case must also be dismissed.

First, as discussed at length in their brief in support of their Motion to Dismiss, Defendants Lake and Bryan submit the Plaintiff cannot recover against them under §1983 on her "First Amendment retaliation" claim asserted in the second cause of action of her First Amended Complaint because the well-pled allegations of the First Amended Complaint simply are not adequate under the applicable law to allege an actionable First Amendment retaliation claim against these Defendants.  <u>See</u> Doc. #10 at pages 7-11.  Moreover, should this Court conclude that the Plaintiff's second cause of action *does* sufficiently allege a viable §1983 claim against Defendants Lake and Bryan for First Amendment retaliation then these Defendants are nonetheless entitled to qualified immunity from personal liability for such a claim.  In this regard, the United States Supreme Court has long recognized that government employees and official entitled to qualified immunity should not be subjected to the burdens of trial.  <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-818 (1982); <u>see</u> <u>generally</u> <u>Brown v. Montoya</u>, 662 F3d 1152 (10th Cir. 2011).  The qualified immunity standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  <u>Hunter v. Bryant</u>, 502 U.S. 224, 229 (1991) (per curiam) (quoting <u>Malley v. Briggs</u>, 475 U.S. at 341).  Consequently, the Supreme

Court has stated that a trial court is under an obligation to "exercise its discretion in a way that protects the substance of the qualified immunity defense." Crawford-El v. Britton, 523 U.S. 574, 597 (1998).   To this end, there is a presumption is that under any qualified immunity analysis, the court should begin with the assumption that qualified immunity applies.  See Medina v. Cram, 252 F.3d 1124, 1129-30 (10th Cir. 2001).  Therefore, when the presumption required by law is applied to the allegations of the Plaintiff's First Amended Complaint in the instant case, it is clear that Defendants Lake and Bryan are entitled to qualified immunity from personal liability for the Plaintiff's §1983 claim asserted against them and such claim may be properly dismissed on that basis.

With regard to the "negligence" claim against Defendants Lake and Bryan asserted in the third cause of action of the First Amended Complaint, the Plaintiff has stipulated to the dismissal of that claim against Defendant Lake but not Defendant Bryan.  See Doc. #17 at page 22.  However, the Plaintiff cannot recover against Defendant Bryan on her "negligence" claim because such a claim against him personally is barred by 51 O.S. §163(C) under the circumstances of this case and must therefore be dismissed.  See also Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health and Substance Abuse Services, supra.

Nor can the Plaintiff recover against Defendants Lake and Bryan on her clam for employment-based discrimination "in violation of Oklahoma public policy and statutory law" asserted against them (and DHS) in the fourth cause of action

of the First Amended Complaint.  As noted earlier in this brief, the Plaintiff's claim against the Defendants in this case under the OADA must be dismissed because the OADA creates a remedial cause of action for "status based" discrimination only and not for the type of "discrimination" claimed by the Plaintiff in this case (i.e., a retaliatory discharge for exercising her First Amendment and Oklahoma constitutional rights to free speech).

Lastly, the Plaintiff's claim against Defendants Lake and Bryan for "civil conspiracy" alleged in the fifth cause of action must also be dismissed.  The allegations of the First Amended Petition contain _no_ element of unlawfulness in the alleged acts of these Defendants and _no_ unlawful elements in the objectives to be pursued sufficient to support a "civil conspiracy" claim against them.  See Peterson v. Grisham, 594 F.3d 723, 730-31 (10th Cir. 2010).  Thus, the Plaintiff cannot show any acts by these Defendants that would establish a plausible conspiracy to commit anything other than lawful activity and this Court must therefore dismiss the Plaintiff's "civil conspiracy" claim.

### III.  CONCLUSION

The Plaintiff's First Amended Complaint fails to state a claim upon which any relief can be granted against Defendant DHS or against Defendants Lake and Bryan because the Plaintiff cannot recover against the Defendants as a matter of law on _any_ of her causes of action alleged in this case.  Therefore, the Court should grant the Defendants' Motions and dismiss this action in its entirety.

Respectfully submitted,

_s/ RICHARD W. FREEMAN, JR._
Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorney for Defendants Oklahoma
Department of Human Services,
Ed Lake, and Tony Bryan.*

*Certificate of Service*

☑ I hereby certify that on (date) December 4, 2015 , I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on

file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

Rachel L. Bussett
(Attorney for Plaintiff)

☐ I hereby certify that on (date) _____, I served the attached document by

(service method) _____ on the

following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
_____
s/ Attorney Name

9