# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMBERLY POFF,          )
                         )
       Plaintiff,      )
                         )
vs.                    )      Case No. CIV-15-936-R
                         )
OKLAHOMA DEPARTMENT  )
OF HUMAN SERVICES;    )
ED LAKE, an individual; and )
TONY BRYAN, an individual, )
                         )
       Defendants.    )


## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT OF DEFENDANTS ED LAKE AND TONY BRYAN

Richard W. Freeman, Jr. (OBA #3130)
Richard A. Resetaritz (OBA #7510)
John E. Douglas (OBA #2447)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352

Telephone: (405) 521-3638
Facsimile: (405) 521-6816

E-mail: Richard.Freeman@okdhs.org
E-mail: Richard.Resetaritz@okdhs.org
E-mail: John.Douglas@okdhs.org


*Attorneys for Defendants*
*Ed Lake and Toney Bryan.*

*January 28, 2016*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ iii

MOTION TO DISMISS ..................................................................................... 1

BRIEF IN SUPPORT OF MOTION TO DISMISS ............................................ 2

I.   STATEMENT OF FACTS .......................................................................... 2

II.  ARGUMENT AND AUTHORITIES ............................................................ 6

    A.  Standard for motion to dismiss for failure to state a claim. ........ 6

    B.  Summary of Argument. ................................................................... 8

    C.  The Plaintiff's Second Amended Complaint is subject to
        dismissal under Rule 12(b)(6). .......................................................... 9

        1.   The Plaintiff cannot recover against Defendants Lake
             and Bryan under 42 U.S.C. §1983 on her claim for
             violation of her constitutional rights asserted in her
             second cause of action. ......................................................... 9

        2.   Defendants Lake and Bryan are entitled to qualified
             immunity from personal liability in their individual
             capacities for the Plaintiff's §1983 claim alleged in this
             case. ..................................................................................... 13

        3.   The Plaintiff cannot recover against Defendants Lake
             and Bryan on her Burk claim for wrongful termination in
             violation of Oklahoma public policy asserted in her third
             cause of action. ..................................................................... 17

        4.   The Plaintiff's fourth cause of action fails to allege an
             actionable claim for "civil conspiracy" against
             Defendants Lake and Bryan. .................................................. 19

        5.   The Plaintiff cannot recover against Defendants Lake
             and Bryan on her claim for "fraud/deceit" asserted in
             her fifth cause of action. ........................................................ 21

6.     *The Plaintiff's sixth cause of action fails to allege an actionable claim for "intentional infliction of emotional distress" against Defendants Lake and Bryan.* ................... 21

7.     *The Plaintiff's seventh cause of action fails to allege an actionable claim for "defamation" against Defendants Lake and Bryan.* ................................................................ 22

8.     *The Plaintiff cannot recover against Defendants Lake and Bryan on her claim for "violation of DHS policy" asserted in her eighth cause of action.* ................................ 23

III.  CONCLUSION ........................................................................ 25

CERTIFICATE OF SERVICE ........................................................ 27

## TABLE OF AUTHORITIES

## CASES

### Federal

Anderson v. Creighton, 483 U.S. 635 (1987)  .................................................... 14

Brammer-Hoelter v. Twin Peaks Charter Academy,
492 F.3d 1192 (10th Cir. 2007)  .................................................... 11

Couch v. Board of Trustees of Memorial Hosp. of Carbon County,
587 F.3d 1223 (10th Cir. 2009)  ........................................................... 10, 11

Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379 (10th Cir. 1991)  .......... 22

Gardenhire v. Schubert, 205 F.3d 303 (6th Cir. 2000)  ..................................... 16

Gehl Group v. Koby, 63 F.3d 1528 (10th Cir. 2005)  ........................................ 15

Hannula v. City of Lakewood, 907 F.2d 129 (10th Cir. 1991)  .............................. 15

Harlow v. Fitzgerald, 457 U.S. 800 (1982)  ....................................................... 14

Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996)  ............................................ 18

Hidahl v. Gilpin Co. Dept. of Social Services, 938 F.2d 1150
(10th Cir. 1991)  .......................................................................................... 15

Hilliard v. City and County of Denver, 930 F.2d 1516 (10th Cir. 1991)  ................ 15

Hunter v. Bryant, 502 U.S. 224 (1991)  .............................................................. 16

Lutz v. Weld County School Dist. No. 6, 784 F.2d 340 (10th Cir. 1986)  .............. 13

Malley v. Briggs, 475 U.S. 335 (1986) ........................................................ 15, 16

Pearson v. Callahan, 555 U.S. 223 (2009)  ....................................................... 15

Peterson v. Grisham, 594 F.3d 723 (10th Cir. 2010)  ........................................ 20

## CASES

### Federal
**(continued)**

Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health & Substance
   Abuse Services, #CIV-14-1438-C (W.D. Okla.)  ...................................... 4, 12

Powell v. Mikulecky, 891 F.2d 1454 (10th Cir. 1989)  ........................................ 13

Pueblo Neighborhood Health Centers, Inc. v. Lavosio, 847 F.2d 642
   (10th Cir.1988)  ................................................................................................ 15

Robbins v. State of Okla., ex rel. Dept. of Human Services,
   519 F.3d 1242 (10th Cir. 2008)  ........................................................... 6, 7, 8, 14

Saucier v. Katz, 533 U.S. 194 (2001)  ................................................................ 15

Schalk v. Gallemore, 906 F.2d 491 (10th Cir. 1990)  ............................................ 16

Thomas v. Roberts, 261 F.3d 1160 (11th Cir. 2001)  ......................................... 14

VanZandt v. Okla. Dept. of Human Services,
   2008 WL 1945344 (10th Cir. 2008)  .................................................................. 13

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)  ............................... 9

### State

Brock v. Thompson, 1997 OK 127, 948 P.2d 279  ............................................. 20

Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24  ......................................... 5, 17

Curtis v. Board of Education of Sayre Public Schools,
   1995 OK 119, 914 P.2d 656  ......................................................................... 24

GJA v. Okla. Dept. of Human Services, 2015 OK CIV APP 32,
   347 P.3d 310  .............................................................................................. 24

Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health & Substance
   Abuse Services, #CJ-2014-4407 (Okla. County District Court)  .................... 4

# CASES

## State
### (continued)

Shephard v. Compsource, 2009 OK 25, ¶7, 209 P.3d 288, 292................. 18, 19

Turner v. Board of County Comm'rs of Grady County,
  1993 OK CIV APP 125, 858 P.2d 1288  ...................................... 24

Vasek v. Board of County Comm'rs, 2008 OK 35, 186 P.3d 928  ................... 18

# STATUTES

## Federal

U.S. Const., Amend. I  ............................................................... *passim*

U.S. Const., Amend. XIV  .......................................................... *passim*

Rule 9(b), Federal Rules of Civil Procedure, 28 U.S.C.  .................................. 21

Rule 12(b)(6), Federal Rules of Civil Procedure, 28 U.S.C.  ..................... *passim*

28 U.S.C. §1446  ...................................................................... 2

42 U.S.C. §1983  ................................................................... *passim*

## State

Okla. Const., Art. 2, §3  ........................................................ 5, 9, 13

Okla. Const., Art. 2, §7  ........................................................ 5, 9, 13

Okla. Const., Art. 2, §22  ....................................................... 5, 9, 13

12 O.S. §1441  ...................................................................... 22

12 O.S. §1442  ...................................................................... 22

12 O.S. §1443.1  .................................................................... 23

## STATUTES

### State
**(continued)**

Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq. ................... 24

51 O.S. §152.1(A) ............................................................................... 24

51 O.S. §152.1(B) ............................................................................... 24

51 O.S. §153(A) ................................................................................. 24

51 O.S. §153(B) ................................................................................. 24

51 O.S. §163(C) ................................................................................. 25

51 O.S. §171 ..................................................................................... 24

Whistleblower Act, 74 O.S. 840-2.5 ....................................... 18, 19

74 O.S. 840-2.5(B)(2) ....................................................................... 19

76 O.S. §§1-3 .................................................................................. 21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMBERLY POFF,         )
                                   )
          Plaintiff,      )
                                   )
vs.                         )     Case No.  CIV-15-936-R
                                   )
OKLAHOMA DEPARTMENT )
OF HUMAN SERVICES;     )
et al.,                    )
                                   )
          Defendants.   )

**MOTION TO DISMISS AND BRIEF IN SUPPORT OF**
**DEFENDANTS ED LAKE AND TONY BRYAN**

Defendants Ed Lake and Tony Bryan respectfully move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Plaintiff's Second Amended Complaint (Doc. #22) fails to state a claim upon which any relief can be granted against them because:

1. The Plaintiff cannot recover under 42 U.S.C. §1983 as a matter of law on her claim for violation of her rights under the United States and Oklahoma Constitutions asserted against these Defendants in her second cause of action;

2. These Defendants are entitled to qualified immunity from personal liability in their individual capacities for Plaintiff's §1983 claim alleged in this case;

3. The Plaintiff cannot recover against these Defendants as a matter of law on her <u>Burk</u> claim for wrongful termination in violation of Oklahoma public policy asserted in her third cause of action;

1

4.  The Plaintiff's fourth cause of action fails to allege an actionable claim for "civil conspiracy" against these Defendants;

5.  The Plaintiff cannot recover against these Defendants as a matter of law on her claim for "fraud/deceit" asserted in her fifth cause of action;

6.  The Plaintiff's sixth cause of action fails to allege an actionable claim for "intentional infliction of emotional distress" against these Defendants;

7.  The Plaintiffs seventh cause of action fails to allege an actionable claim for "defamation" against these Defendants; and,

8.  The Plaintiff cannot recover against these Defendants as a matter of law on her claim for "violation of DHS policy" asserted in her eighth cause of action.

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.  STATEMENT OF FACTS**

This case is a civil rights and tort action brought by the Plaintiff to recover damages against the Oklahoma Department of Human Services ("DHS"); its Director, Ed Lake ("Lake"); and its Inspector General, Tony Bryan ("Bryan"); arising from the Plaintiff's discharge from her employment with DHS's Office of Inspector General in 2014.  The Plaintiff originally filed this action in the Oklahoma County District Court but the Defendants later removed it to this Court pursuant to 28 U.S.C. §1446.  See Doc. #1.  Following removal, the Defendants filed motions to dismiss seeking dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Docs. #9 and #10.  However, after

the Defendants' motions were at issue, this Court entered an order directing the Plaintiff to amend her factual allegations in this case and to file an additional amended complaint.  <u>See</u> Doc. #21.  The Plaintiff then timely filed her Second Amended Complaint (Doc. #22) herein on December 31, 2015, and the Court thereafter entered an order denying the Defendants' pending motions to dismiss as moot.  <u>See</u> Doc. #24.

The Plaintiff alleges in her Second Amended Complaint (Doc. #22) that she began her most recent period of employment with DHS on January 7, 2014, as a "Social Services Inspector III" and she was later promoted to "Investigator Agent III" in the DHS Office of Inspector General on May 1, 2014, before she was "terminated on August 22, 2014."  Doc. #22 at ¶¶12-15 and ¶49.  She had previously worked for DHS as a "Social Services Inspector III" between June of 1991 and December of 2007.  <u>Id</u>., at ¶18.  The Plaintiff also alleges she "received positive reviews, raises and promotions" during both time periods she worked for DHS.  <u>Id</u>., at ¶19.

Immediately prior to her most recent employment with DHS, the Plaintiff was employed by the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS") as its Inspector General from December of 2007 until August of 2013.  <u>Id</u>., at ¶16  The Plaintiff alleges her employment with ODMHSAS "was ended on August 23, 2013, under unexplained circumstances

[which] she believes is the result of retaliation, age and gender discrimination and violation of 42 U.S.C. §1983." Id., at ¶17.[1]

When the Plaintiff later sought employment at DHS, a background investigation was done which included review of her personnel file and contact with her former employer at ODMHSAS. Id., at ¶34. In her original application for employment with DHS (and in her application for promotion to "Investigative Agent III" at DHS) when asked, "Have you ever resigned in lieu of termination?" the Plaintiff answered "Yes." Id., at ¶32. After Plaintiff was hired by DHS, it was determined that in fact she had not resigned from her position with ODMHSAS but instead had been terminated. As a result, DHS terminated Plaintiff's employment for misrepresenting that information on her employment application. Id., at ¶18. The Plaintiff alleges that her "explanation of the circumstances" of her "departure" from ODMHAS "proves that her termination by DHS was "politically motivated[.]" Id., at ¶37.

The Plaintiff's Second Amended Complaint asserts eight causes of action (with some denominated as "Counts") against the Defendants based on the operative facts summarized above. "Count 1" seeks damages solely against DHS for alleged "retaliation discrimination" against her for exercising her "due

---

[1] On August 4, 2014, the Plaintiff filed a wrongful discharge action in Oklahoma County District Court against ODMHSAS, its governing board, and several of its officials and employees. See Kimberly Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health and Substance Abuse Services, et al., Case No. CJ-2014-4407 (Okla. County District Court). ODMHSAS and the other defendants removed that case to this Court on December 31, 2014, where the case was assigned to the Honorable Robin J. Cauthron and is now styled as Kimberly Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health and Substance Abuse Services, et al., Case No. CIV-14-1438-C (W.D. Okla.).

process rights" and her "right to free speech" under the United States and Oklahoma Constitutions. Doc. #22 at ¶¶48-80. "Count 2" seeks damages and injunctive and declaratory relief against Defendants Lake and Bryan pursuant to 42 U.S.C. §1983 for alleged violations of the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and Article 2, §3, §7, and §22 of the Oklahoma Constitution. Id., at ¶¶81-100.

"Count 3" seeks damages against all of the Defendants under <u>Burk v. K-Mart Corp.</u>, 1989 OK 22, 770 P.2d 24, for "violation of Oklahoma public policy" in connection with the Plaintiff's termination from DHS. Id., at ¶¶101-116. "Count 4" seeks damages for "civil conspiracy" against Defendants Lake and Bryan alleged to have occurred when they "conspired to suppress the information that DHS had full knowledge of Plaintiff's employment, termination and claims against ODMHSAS and terminated her illegally to avoid further press or media coverage about her employment with another state agency." Id., at ¶¶117-121.

The Plaintiff's "Fifth Cause of Action" seeks damages against Defendant Lake and Bryan for "fraud/deceit" by "knowingly withholding knowledge from the Plaintiff of the truth of her termination of her employment with the intent to defraud and deceive her in her right to continued employment and access to the court system." Id., at ¶¶122-125. Her "Sixth Cause of Action" seeks damages against Defendant Lake and Bryan for "intentional infliction of emotional distress." Id., at ¶¶126-129. Plaintiff's "Seventh Cause of Action" seeks damages against Defendant Lake and Bryan for "defamation." Id., at ¶¶130-132. Lastly, the

Plaintiff's eighth cause of action (and her second one titled "Fifth Cause of Action") seeks damages against all of the Defendants for "violation of DHS policy" prohibiting "retaliation" and "harassment" against employees of DHS. Id., at ¶¶133-135.

As relief, the Plaintiff seeks an award of actual damages and punitive damages against all of the Defendants plus her attorney's fees and "[r]einstatement of her job with no loss of rank or experience." Id., at page 25. However, Defendants Lake and Bryan submit that this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the First Amended Petition fails to state a claim upon which any relief can be granted against them as a matter of law.[2]

## II.  ARGUMENT AND AUTHORITIES

### A.  Standard for motion to dismiss for failure to state a claim.

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the United States Court of Appeals for the Tenth Circuit in Robbins v. State of Oklahoma, ex rel. Dept. of Human Services, 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [Bell Atlantic Corp. v. Twombly,] --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Under this revised standard, as we explained in Ridge at Red Hawk, L.L.C. v. Schneider:

---

[2] The Plaintiff's claims against DHS in this case are the subject of a separate Motion to Dismiss filed by DHS that is also pending before this Court.

> the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. <u>Twombly</u>, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>.

519 F. 3d at 1247 (emphasis in original).

The Tenth Circuit further noted in <u>Robbins</u> that in a §1983 action in which the defense of qualified immunity from individual liability has been raised by the defendants, [t]he <u>Twombly</u> standard has greater 'bite'" in evaluating dismissals in qualified immunity cases "reflecting the special interest in resolving affirmative defense of qualified immunity 'at the earliest stage of a litigation.'" <u>Id.</u>, 519 F.3d at 1249.  When a qualified immunity defense tests individual capacity claims in a §1983 action by way of a motion to dismiss, the trial court is under an obligation to exercise its discretion in a way that protects the substance of the qualified immunity defense.  <u>Id.</u>  The trial court should insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible.  <u>Id.</u>  In the context of §1983 claims alleged against defendants asserting qualified immunity, "plausibility" refers to the scope of the allegations in the complaint; if they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a

cause of action" then such allegations may be inadequate to overcome a motion to dismiss for qualified immunity. Id., at 1247-48.

When this standard is applied to the Second Amended Complaint now before the Court in the instant case, it is clear this action should be dismissed under Rule 12(b)(6) because the Plaintiff cannot recover on any of her claims against Defendants Lake and Bryan.

## B. Summary of Argument

The Plaintiff's Second Amended Complaint is subject to dismissal under Rule 12(b)(6). The Plaintiff cannot recover under 42 U.S.C. §1983 as a matter of law on her claim for violation of her rights under the United States and Oklahoma Constitutions asserted against Defendants Lake and Bryan in her second cause of action. Moreover, these Defendants are entitled to qualified immunity from personal liability in their individual capacities for the Plaintiff's §1983 claim alleged in this case.

The Plaintiff cannot recover against Defendants Lake and Bryan as a matter of law on her Burk claim for wrongful termination in violation of Oklahoma public policy asserted in her third cause of action. Also, the Plaintiff's fourth cause of action fails to allege an actionable claim for "civil conspiracy" against these Defendants.

Similarly, the Plaintiff cannot recover against Defendants Lake and Bryan as a matter of law on her claim for "fraud/deceit" asserted in her fifth cause of action. In addition, the Plaintiff's sixth cause of action fails to allege an

actionable claim for "intentional infliction of emotional distress" and her seventh cause of action fails to allege an actionable claim for "defamation" against these Defendants. Finally, the Plaintiff cannot recover against these Defendants as a matter of law on her claim for "violation of DHS policy" asserted in her eighth cause of action. Each of these propositions will be addressed seriatim.

### C. The Plaintiff's Second Amended Complaint is subject to dismissal under Rule 12(b)(6).

#### 1. The Plaintiff cannot recover against Defendants Lake and Bryan under 42 U.S.C. §1983 on her claim for violation of her constitutional rights asserted in her second cause of action.

The Plaintiff's second cause of action seeks damages against Defendants Lake and Bryan in their "official and individual capacities" under 42 U.S.C. §1983 for alleged for alleged violations of the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and Article 2, §3, §7, and §22 of the Oklahoma Constitution.[3]  Doc. #22 at ¶¶81-100.  However, the Plaintiff cannot recover against these Defendants on her §1983 claim as a matter of law.

In her Second Amended Complaint, the Plaintiff alleges:

> 95.  Kimberly Poff engaged in protected speech when she and her agents spoke to the press about her pending lawsuits against another state agency and when she filed her lawsuit against ODMHSAS.

---

[3] Neither Defendant Lake nor Defendant Bryan is a "person" subject to suit under 42 U.S.C. §1983 in their "official" capacities.  See Will v. Michigan Department of State Police, 491 U.S. 58, 68-71 (1989) (holding that state officials acting in their "official" capacities are not "persons" under §1983).  Also, only a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States is actionable under §1983 and the violations of the Oklahoma Constitution alleged by the Plaintiff in "Count 2" are not.

96.  At the time of Plaintiff's protected speech both individually and by and through her agent, Kimberly Poff was acting as a private citizen as to matter of public concern related to the suppression of an official report because, without publication of this report, citizens of Oklahoma would be deprived of informed opinions on important public issues.

. . . .

98.  Kimberly Poff was terminated from employment as a direct and proximate result of her protected speech, her pursuit of a lawsuit and her attempt to secure equal protection under the law.

99.  The Defendants, acting in either their individual capacity and/or in their capacity as employees and directors of the DHS, retaliated against Plaintiff and [thereby] violated 42 U.S.C. §1983 . . .

In Couch v. Board of Trustees of Memorial Hosp. of Carbon County, 587 F.3d 1223, 1235 (10th Cir. 2009), the Tenth Circuit noted:

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Garcetti v. Ceballos, 547 U.S. 410, 417, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); see also Pickering v. Bd. Of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Therefore, "a public employer cannot retaliate against an employee for exercising his constitutionally protected right of free speech." Dill v. City of Edmond, Okla., 155 F.3d 1193, 1201 (10th Cir. 1998) (citing Connick v. Myers, 461 U.S. 138, 146-47, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)).

The Court in Couch also said when analyzing a free speech claim based on retaliation by an employer a court must apply the five-prong Garcetti/Pickering test:

First, the court must determine whether the employee speaks pursuant to his official duties.  If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech simply reflects the exercise of employer control over what the employer itself has commissioned or created.

Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern. If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends. Third, if the employee speaks as a citizen on a matter of public concern, the court must determine whether the employee's interest in commenting on the issue outweighs the interest of the state as employer. Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a substantial factor or a motivating factor in a detrimental employment decision. Finally, if the employee establishes that his speech was such a factor, the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech.

Id. (citing Brammer-Hoelter v. Twin Peaks Charter Academy, 492 F.3d 1192, at 1202-03 10th Cir. 2007) (internal quotations and alterations omitted)).

In the instant case, the Plaintiff's §1983 First Amendment violation claim against Defendants Lake and Bryan fails the Garcetti/Pickering test for several reasons. First, the Plaintiff alleges in her Second Amended Complaint that she "was acting as a private citizen as to matter of public concern" at the time "she and her agents spoke to the press about her pending lawsuits against another state agency and when she filed her lawsuit against ODMHSAS." Doc. #22 at ¶95 and ¶96. However, the Plaintiff's "pending lawsuits" against ODHMHSAS (or DHS) were not matters of public concern despite her conclusory allegations to the contrary. Instead, the Plaintiff's "pending lawsuits" were only a matter of personal concern to her given the context and nature of her comments about them. As a result, the Plaintiff's §1983 claim for violation of her First Amendment

rights against Defendants Lake and Bryan fails to satisfy the second prong of the <u>Garcetti/Pickerting</u> test.

Nor does the Plaintiff's Second Amended Complaint allege sufficient facts in this case to satisfy the fourth requirement of the <u>Garcetti/Pickerting</u> test (<u>i.e.</u>, that the Plaintiff's public comments about her "pending lawsuits" were "a substantial factor or a motivating factor" in her termination by DHS). Indeed, Judge Cauthron's conclusions as to the adequacy of the Plaintiff's allegations of her First Amendment retaliation claim in her action against the defendant ODHMASAS officials in Case #CIV-14-1428-C are equally applicable to the Plaintiff's First Amendment retaliation claim against Defendants Lake and Bryan in the instant case:

> "Plaintiff's First Amended Complaint also fails to plead facts demonstrating that her speech led to her termination. She offers a conclusory statement to this effect, but fails to demonstrate that the Employee Defendants played a role in her ultimate termination."

<u>Poff v. State of Okla., ex rel. Okla. Dept. of Mental Health and Substance Abuse Services</u>, #CIV-1438-C (W.D. Okla.)(Cauthron, J.)("Memorandum Opinion and Order" (Doc. #32) filed Apr. 29, 2015, at page 6)(copy attached as Exhibit 1 hereto). Therefore, Defendants Lake and Bryan submit that "Count 2" of the Plaintiff's Second Amended Complaint fails to adequately allege a §1983 claim for a First Amendment violation against them under the applicable law.

Nor does "Count 2" state an actionable §1983 claim against Defendants Lake and Bryan for violation of her Fourteenth Amendment due process and

equal protection rights.  Indeed, most of the Plaintiff's conclusory allegations of due process and equal protection violations by these Defendants are clearly nothing more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" under §1983 prohibited under the Twombly/Igbal pleading requirements discussed in Robbins, supra.  As a result, Defendants Lake and Bryan submit that "Count 2" of the Second Amended Complaint should be dismissed because it fails to state an actionable §1983 claim against them for violation of the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and Article 2, §3, §7, and §22 of the Oklahoma Constitution.

### 2. Defendants Lake and Bryan are entitled to qualified immunity from personal liability in their individual capacities for the Plaintiff's §1983 claim alleged in this case.

Defendants Lake and Bryan submit they are entitled to qualified immunity from personal liability in their individual capacities for the Plaintiff's §1983 claim asserted against them in "Count 2" of the Second Amended Complaint.  In this connection, when the allegations of a Complaint fail to meet minimal pleading requirements of notice and plausibility, further analysis of qualified immunity and plausibility is not needed and a court may simply grant qualified immunity to the moving defendants and stop there.  VanZandt v. Okla. Dept. of Human Services, 2008 WL 1945344 *5 (10th Cir. 2008).  However, assuming *arguendo* for purposes of this Motion that the First Amended Petition in this case *can* be construed to properly allege a viable §1983 claim against Defendants Lake and

Bryan then these Defendants are nonetheless entitled to qualified immunity from liability for any such claim asserted by the Plaintiff.

In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court held that the doctrine of qualified immunity is designed to protect government officials from actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. The objective test adopted in Harlow to determine whether qualified immunity applies was intended to shield public officials from undue interference in the performance of their duties and to permit the defeat of insubstantial claims without the cost and disruption attendant to trial. Powell v. Mikulecky, 891 F.2d 1454, 1556 (10th Cir. 1989); see Robbins v. State of Oklahoma, ex rel. Dept. of Human Services, supra, 519 F.3d at 1248 (10th Cir. 2008) (Qualified immunity exists "to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" (quoting Anderson v. Creighton, 483 U.S. 635, 646, n. 6 (1987)). As a result, qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting Harlow v. Fitzgerald, supra, 457 U.S. at 818); see Malley v. Briggs, 475 U.S. 335, 341 (1986) (Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law.").

In order to determine whether a defendant is entitled to qualified immunity, a court must decide (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct.  See Saucier v. Katz, 533 U.S. 194, 201-203 (2001); see generally Pearson v. Callahan, 555 U.S. 223 (2009).  When a defendant raises the qualified immunity defense, "the plaintiff bears a heavy burden."  Hannula v. City of Lakewood, 907 F.2d 129, 130 (10th Cir. 1991).  It is the plaintiff's burden to convince the court that the law at the time of defendant's actions was clearly established.  Hilliard v. City and County of Denver, 930 F.2d 1516, 1518 (10th Cir. 1991); Pueblo Neighborhood Health Centers, Inc., v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988).; Lutz v. Weld County School Dist. No. 6, 784 F.2d 340, 342-43 (10th Cir. 1986).  However, if there is no constitutional or statutory violation, the court need not inquire if the law was clearly established.  See Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995).

The United States Supreme Court's decision in Harlow v. Fitzgerald raises a presumption in favor of immunity for public officials acting in their individual capacities.  Hidahl v. Gilpin County Dept. of Social Services, 938 F.2d 1150, 1155 (10th Cir. 1991); Schalk v. Gallemore, 906 F.2d 491, 499 (10th Cir. 1990).  The courts have held in this regard that there is a "strong presumption" that qualified immunity will apply and that state actors have properly discharged their official duties and to overcome that presumption the plaintiff must present specific

allegations and clear evidence to the contrary. See Gardenhire v. Schubert, 205 F.3d 303, 313 (6th Cir. 2000); see also Hidahl v. Gilpin County Dept. of Social Services, supra, 938 F.2d at 1155. The United States Supreme Court has explained that immunity may be denied only "if, on an objective basis, it is *obvious* that *no reasonably competent officer* would have concluded" that the conduct was lawful at the time the defendant acted. Malley v. Briggs, supra, 475 U.S. at 341 (emphasis added).

In the instant case, the plausible allegations of the Second Amended Complaint fail to establish a violation of the Plaintiff's First and Fourteenth Amendment rights by either Defendant Lake or Defendant Bryan. Furthermore, even if the Plaintiff's non-conclusory allegations against these Defendants are taken as true, they do not rise to the level of a constitutional violation. Simply put, the Plaintiff was a probationary "at-will" employee of DHS who was properly discharged because she failed to honestly disclose her termination by ODMHAS on her employment application with DHS. To the extent Defendants Lake and Bryan may have personally participated in DHS's administrative process required to terminate the Plaintiff then such actions by these Defendants were *at most* simply mistaken judgments by them. However, the qualified immunity standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. at 341).

When the foregoing standard is applied to the instant case, it is clear that

both Defendants Lake and Bryan are entitled to qualified immunity from personal liability in their individual capacities for the Plaintiff's §1983 claim alleged against them in "Count 2" of the Second Amended Complaint and the Plaintiff cannot meet her burden required to overcome the qualified immunity defense of these Defendants.

### 3. The Plaintiff cannot recover against Defendants Lake and Bryan on her _Burk_ claim for wrongful termination in violation of Oklahoma public policy asserted in her third cause of action.

"Count 3" of the Plaintiff's Second Amended Complaint seeks damages against the Defendants under Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24, for "violation of Oklahoma public policy" in connection with the Plaintiff's termination from DHS.  Doc. #22 at ¶¶101-116.  However, the Plaintiff's state-law-based Burk tort claim must fail because the Whistleblower Act, 74 O.S. 840-2.5, adequately protects the public policy Plaintiff alleges was violated by her termination by DHS.  In Burk, the Oklahoma Supreme Court carved out an exception to the general rule of at-will employment and created a tort claim for employees who are discharged in violation of public policy.  To bring a Burk tort claim, an employee must identify a public-policy basis for her claim:

> Burk explained that the "tightly circumscribed" exception to the employment at will doctrine applies "where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy."  1989 OK 22, ¶ 19, 770 P.2d at 29. "Only a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct for the state can serve as a source of

> Oklahoma's public policy." Darrow, 2008 OK 1, ¶ 13, 176 P.3d at
> 1212 (emphasis omitted).

Vasek v. Board of County Comm'rs, 2008 OK 35, ¶12, 186 P.3d 928, 932.

In her Second Amended Complaint, the Plaintiff had not identified what provision of the Whistleblower Act she claims the Defendants violated; what action specifically she took that was protected by the Whistleblower Act; or what specific policy was violated by the Defendants. Further, an employee may not pursue a Burk claim if an existing statutory remedy adequately protects the public policy. Id. Here, the Whistleblower Act itself provides a statutory remedy which adequately protects alleged violations of the Whistleblower Act.

In Shephard v. Compsource, 2009 OK 25, ¶7, 209 P.3d 288, 292, the Oklahoma Supreme Court noted that the Oklahoma Legislature omitted a private right of action to enforce the Whistleblower Act but and held that the remedies in that Act are "sufficient to protect the Oklahoma public policy goal of protecting employees who report the wrongful governmental activities." Consequently, the Whistleblower Act provides the exclusive remedy for an employee (like the Plaintiff in this case) who claims she was terminated for reporting wrongful governmental activities and she may not "resort to a tort cause of action to redress a termination for violation the public policy." Id., 2009 OK 25, at ¶12. The dispositive issue is not whether the plaintiff relies upon sources of public policy _other_ than the Whistleblower Act but whether the plaintiff's allegations are covered by the Act. Id., 2009 OK 25, at ¶3. Thus, if a plaintiff's allegations are

covered by the Whistleblower Act then that Act is the plaintiff's exclusive remedy. Id. at 2009 OK 25, at ¶9.

Under the Whistleblower Act, the "wrongful governmental activities" that state employees are protected in reporting include "a violation of the Oklahoma Constitution, state or federal law, rule or policy; mismanagement; a gross waste of public funds; an abuse of authority; or a substantial and specific danger to public health or safety[.]" 74 O.S. § 840-2.5(B)(2). Thus, the Plaintiff's claim in this case that she was ultimately retaliated against by the Defendants in terminating her for exposing some sort of wrongdoing by ODMHSAS is covered by the Act. Accordingly, the Plaintiff's Burk tort claim asserted against the Defendants in "Count 3" of her Second Amended Complaint should be dismissed.

### 4. The Plaintiff's fourth cause of action fails to allege an actionable claim for "civil conspiracy" against Defendants Lake and Bryan.

The Plaintiff's fourth cause of action (Doc. #1-3 at ¶¶77-80) seeks damages against Defendants Lake and Bryan for "civil conspiracy" alleged to have occurred when they "conspired to suppress the information that DHS had full knowledge of Plaintiff's employment, termination and claims against ODMHSAS and terminated her illegally to avoid further press or media coverage about her employment with another state agency." Doc. #22 at ¶¶117-121. However, the Plaintiff cannot recover against Defendants Lake and Bryan on her "civil conspiracy" claim in this case.

Oklahoma law pertaining to a "civil conspiracy" was summarized by the Tenth Circuit In <u>Peterson v. Grisham</u>, 594 F.3d 723, 730 (10th Cir. 2010), as follows:

> A civil conspiracy consists of two or more persons agreeing "to do an unlawful act, or to do a lawful act by unlawful means." <u>Roberson v. PaineWebber, Inc.</u>, 998 P.2d 193, 201 (Okla. Ct. App. 1999). But "a conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim." <u>Id</u>. "Disconnected circumstances, any ... of which[ ] are just as consistent with lawful purposes as with unlawful purposes, are insufficient to establish a conspiracy." <u>Dill v. Rader</u>, 83 P.2d 496, 499 (Okla. 1978).

In <u>Brock v. Thompson</u>, 1997 OK 127, 948 P.2d 279, the Oklahoma Supreme Court further explained that:

> "Unlike its criminal counterpart, civil conspiracy itself does not create liability. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the <u>act</u> complained of and the <u>means employed</u> are lawful."

(Footnotes omitted and emphasis in original).

In the instant case, the Plaintiff has failed to plead either the required "illegal ends" or "illegal means" by Defendant Lake and Bryan. <u>Peterson v. Grisham</u>, <u>supra</u>, 594 F.3d at 731. Review of the allegations of the Second Amended Complaint reveals <u>*no*</u> element of unlawfulness in the alleged acts of these Defendants and <u>*no*</u> unlawful elements in the objectives to be pursued sufficient to support a "civil conspiracy" claim against them. Thus, the Plaintiff cannot show any acts by Defendants Lake and Bryan that would establish a

plausible conspiracy to commit anything other than lawful activity and this Court should dismiss the Plaintiff's "civil conspiracy" claim.

### 5. The Plaintiff cannot recover against Defendants Lake and Bryan on her claim for "fraud/deceit" asserted in her fifth cause of action.

The Plaintiff's "Fifth Cause of Action" seeks damages against Defendant Lake and Bryan under 76 O.S. §§1-3 for "fraud/deceit" by "knowingly withholding knowledge from the Plaintiff of the truth of her termination of her employment with the intent to defraud and deceive her in her right to continued employment and access to the court system." Doc. #22 at ¶¶122-125. In this regard, Rule 9(b) of the Federal Rules of Civil Procedure require that a party alleging fraud "must state with particularity the circumstances constituting fraud[]" However, the Plaintiffs meager conclusory allegations in support this particular claim are confusing at best. As a probationary "at-will" employee of DHS the Plaintiff had no "right to continued employment" under Oklahoma law as she claims. Nor does she plead with the required particularity how Defendants Lake and Bryan defrauded or deceived her of her "access to the court system." Under these circumstances, Defendants Lake and Bryan submit that the Plaintiff's "Fifth Cause of Action" for "fraud/deceit" must be dismissed.

### 6. The Plaintiff's sixth cause of action fails to allege an actionable claim for "intentional infliction of emotional distress" against Defendants Lake and Bryan.

The Plaintiff's "Sixth Cause of Action" seeks damages against Defendant Lake and Bryan for "intentional infliction of emotional distress." Doc. #22 at

¶¶126-129.   Under Oklahoma law, the tort of intentional infliction of emotional distress is governed by the narrow standards of the Restatement (Second) of Torts §46.  Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1387-88 (10th Cir. 1991).   In order for the Plaintiff to state a claim for intentional infliction of emotional distress against Defendants Lake and Bryan in this case, she is required to allege facts that, if true, establish:   (1) these Defendants acted intentionally or recklessly; (2) their conduct was extreme and outrageous; (3) the Plaintiff actually experienced the severe emotional distress; and (4) a reasonable person could find that the conduct was so offensive "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."   Daemi, 931 F.2d at 1387-88.   However, review of the allegations of the Second Amended Complaint in the instant case reveal that even if taken as true, the Plaintiff's allegations fail to establish Defendants Lake and Bryan engaged in any affirmative conduct directed toward Plaintiff which can realistically be identified as extreme or outrageous so as to satisfy the second element needed to establish Plaintiff's prima facie case.   As a result, the Plaintiff's sixth cause of action fails to allege an actionable claim for intentional infliction of emotional distress against these Defendants and must be dismissed.

### 7.  The Plaintiff's seventh cause of action fails to allege an actionable claim for "defamation" against Defendants Lake and Bryan.

The Plaintiff's "Seventh Cause of Action" seeks damages against Defendant Lake and Bryan under 12 O.S. §1441 and §1442 for "defamation" that

occurred when they "made false or malicious unprivileged publication by writing" concerning her. Doc. #22 at ¶¶130-132. However, review of the Plaintiff's meager factual allegations in the Second Amended Complaint concerning this particular claim reveal conclusory allegations of defamation by these Defendants that are clearly nothing more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" under §1983 prohibited under the Twombly/Iqbal pleading requirements discussed in Robbins, supra. Moreover, any written statement concerning the Plaintiff that was published by Defendants Lake or Bryan during the course of terminating Plaintiff from her employment with DHS would have been in the proper discharge of their official duties as Director and Inspector General of DHS respectively and therefore privileged under 12 O.S. §1443.1. As a result, Defendants Lake and Bryan submit that "Seventh Cause of Action" of "the Second Amended Complaint should be dismissed because it fails to state an actionable claim for "defamation" against them.

### 8. The Plaintiff cannot recover against Defendants Lake and Bryan on her claim for "violation of DHS policy" asserted in her eighth cause of action.

In her eighth cause of action, the Plaintiff seeks damages against the Defendants for "violation of DHS policy" prohibiting "retaliation" and "harassment" against employees of DHS but does not cite the specific "DHS policy" she relies on for this claim. Doc., #22 at ¶¶133-135. Regardless, the Plaintiff cannot recover against Defendant Lake and Bryan on this claim as a matter of law.

All tort actions and claims against the State of Oklahoma and its agencies (including DHS), and employees (like Defendants Lake and Bryan) arising after October 1, 1985, are governed by the provisions of the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. §151, et seq. See 51 O.S. §171.[4] By enacting the GTCA, the Oklahoma Legislature adopted and expanded the common law doctrine of sovereign immunity to include all torts of State employees regardless of whether the employees are engaged in "governmental or proprietary functions" as long as the employees were within the scope of their employment with the State. See 51 O.S. §152.1(A) and §153(A). However, 51 O.S. §152.1(B) effectuated an express partial waiver of the State's sovereign immunity *"only to the extent and in the manner provided"* in the GTCA. (Emphasis added). Thus, the liability of the State and its agencies under the GTCA is "*subject to the limitations and exceptions specified in this act*" and "*shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision or employee arising from common law, statute, the Oklahoma Constitution, or otherwise.*" 51 O.S. §153(A) and §153(B)(emphasis added). As a result, Oklahoma appellate courts have long held the GTCA to be the exclusive remedy available against a governmental entity in Oklahoma and therefore the only recovery available in tort against such an entity must be found within the boundaries defined by the GTCA. E.g., Curtis v. Board of Education of Sayre

---

[4] The Plaintiff's Second Amended Complaint alleges the requisite compliance with the notice provisions of the GTCA prior to commencement of this action. See Doc. #22 at ¶9.

<u>Public Schools</u>, 1995 OK 119, 914 P.2d 656; <u>Turner v. Board of County Comm'rs</u> <u>of Grady County</u>, 1993 OK CIV APP 125, 858 P.2d 1288; <u>see</u> <u>generally</u> <u>GJA v.</u> <u>Okla. Dept. of Human Services</u>, 2015 OK CIV APP 32, ¶11, 347 P.3d 310.

The GTCA expressly provides that an action brought under that Act "shall name as defendant the state or the political subdivision against which liability is sought to be established" and <u>*"[i]n no instance shall an employee of the state or*</u> <u>*political subdivision acting within the scope of his employment be named as*</u> <u>*defendant* </u>[.]" 51 O.S. §163(C)(emphasis added). Furthermore, assuming <u>arguendo</u> that the Plaintiff's claim for "violation of DHS policy" prohibiting "retaliation" and "harassment" against employees of DHS like her is actionable against DHS then DHS would nonetheless be exempt from tort liability to the Plaintiff by virtue of the applicable exemption from tort liability provided by the GTCA. <u>See</u> 51 O.S. §155(4) (exemption for losses resulting from enforcement of or failure to adopt or enforce a statute or written policy). As a result, the Plaintiff cannot recover against Defendants Lake and Bryan (or DHS) as a matter of law on her claim for "violation of DHS policy" alleged in the eighth cause of action of her Second Amended Complaint.

### III. CONCLUSION

The Plaintiff cannot recover against Defendants Lake or Bryan as a matter of law on *any* of the claims asserted against them in the second, third, fourth, fifth, sixth, seventh and eighth causes of action of her Second Amended Complaint and therefore the Second Amended Complaint fails to state a claim

upon which any relief may be granted against these Defendants. Accordingly, the Court should grant the instant Motion and dismiss the Plaintiff's action against Defendants Lake and Bryan in its entirety.

Respectfully submitted,

*s/ RICHARD W. FREEMAN, JR.*
Richard W. Freeman, Jr. (OBA #3130)
Richard A. Resetaritz (OBA #7510)
John E. Douglas (OBA #2447)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352

Telephone: (405) 521-3638
Facsimile: (405) 521-6816
E-mail: Richard.Freeman@okdhs.org
E-mail: Richard.Resetaritz@okdhs.org
E-mail: John.Douglas@okdhs.org

*Attorneys for Defendants Ed Lake*
*and Tony Bryan.*

*Certificate of Service*

☑ I hereby certify that on (date) January 28, 2016 , I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on

file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

Rachel L. Bussett
(Attorney for Plaintiff)

☐ I hereby certify that on (date) _____, I served the attached document by

(service method) _____ on the

following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
s/ Attorney Name