**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMBERLY POFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-936-R |
| | ) |
| OKLAHOMA DEPARTMENT | ) |
| OF HUMAN SERVICES; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY OF DEFENDANT OKLAHOMA DEPARTMENT OF HUMAN SERVICES TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**I. STATEMENT OF THE CASE**

Currently before the Court is the Motion to Dismiss and Supporting Brief of the Defendant Oklahoma Department of Human Services ("DHS") and the Plaintiff's response brief in opposition thereto.

In its Motion (Doc. #28), DHS seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Plaintiff cannot recover against DHS as a matter of law on (1) her claim for "retaliation discrimination" asserted in her first cause of action; (2) her Burk claim for wrongful termination in violation of Oklahoma public policy asserted in her third cause of action; or (3) her claim for "violation of DHS policy" asserted in her eighth cause of action.

In her Response (Doc. #34) to DHS's Motion, the Plaintiff stipulates to the

dismissal of her §1983 claim against DHS alleged in her first cause of action and her claim for violation of DHS policy asserted in her eighth cause of action.  See Doc. #34 at pages 6 and 24.  However, the Plaintiff also argues in her Response that her action against DHS should not be dismissed because (1) her first cause of action asserts a viable private right of action for violation of her rights under Article 2, §22, of the Oklahoma Constitution; and (2) she did not engage in activities protected by the Oklahoma Whistleblower's Act, 74 O.S. §840-2.5, and that she was terminated from her employment with DHS for reasons that violate Oklahoma public policy and thereby give her the right to assert the Burk tort alleged in her third cause of action.

DHS respectfully disagrees and submits that dismissal of the Plaintiff's Second Amended Complaint is indeed warranted under Rule 12(b)(6).

## II.  ARGUMENT AND AUTHORITIES

The Second Amended Complaint clearly fails to state a claim upon which any relief can be granted against *any* of the Defendants and therefore all of the Plaintiff's claims against DHS must be dismissed.

First, the Plaintiff has stipulated to the dismissal of her §1983 claim of "retaliation discrimination" asserted in the first cause of action of her Second Amended Complaint and this Court may therefore summarily dismiss that claim against DHS at this time.  See Doc. #34 at page 6.  Likewise, the Court may summarily dismiss the Plaintiff's claim for "violation of DHS policy" asserted in the

eighth cause of action because the Plaintiff has also stipulated to dismissal of that claim.  See Doc. #34 at page 24.

Next, as DHS pointed out in its brief in support of its Motion to Dismiss the Second Amended Complaint, insofar as the Plaintiff's first cause of action seeks recovery against DHS on a Bosh claim for "retaliation discrimination: in violation of her free speech (or due process) rights under the Oklahoma Constitution then that claim fails as a matter of law and must be dismissed because no state or federal court in Oklahoma has ever extended Bosh to permit the "retaliation discrimination" discrimination alleged against DHS in this case.  See Koch v. Juber, 2014 WL 2171753, at *3 (W.D. Okla., May 23, 2014) (Heaton, J.)(indicating that Bosh "does not serve to create a private right of action for all claims arguably arising under the Oklahoma Constitution."); see also Snow v. Board of County Com'rs, 2014 WL 7335319, at *3 (W.D. Okla., Dec. 19, 2014)(Heaton, J.)(declining to extend the holding in Bosh "consistent with the reluctance of federal courts to expand state law without clear guidance.").

Finally, the Plaintiff's Burk claim against DHS for "violation of Oklahoma public policy" in connection with her termination asserted in her third cause of action must also be dismissed.  The allegations of the Plaintiff's Second Amended Complaint clearly fall within the Whistleblower Act, 74 O.S. 840-2.5, which provides the exclusive remedy for a state employee like the Plaintiff who claims she was terminated for reporting wrongful governmental activities.  As a result, a Burk tort cause of action to redress the Plaintiff's alleged termination for

violation the public policy will not lie against DHS in this case as a matter of law and is subject to dismissal.  See Shephard v. Compsource, 2009 OK 25, 209 P.3d 288, 292.

### III.  CONCLUSION

The Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against DHS because the Plaintiff cannot recover against DHS as a matter of law on *any* of her causes of action alleged in this case.  Therefore, the Court should grant the instant Motion and dismiss this action as to Defendant DHS in its entirety.

Respectfully submitted,

*s/ RICHARD W. FREEMAN, JR.*
Richard W. Freeman, Jr. (OBA #3130)
John E. Douglas (OBA #2447)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org
E-mail:  John.Douglas@okdhs.org

*Attorneys for Defendants Oklahoma Department of Human Services, Ed Lake, and Tony Bryan.*

*Certificate of Service*

[✔] I hereby certify that on (date) March 29, 2016 _____, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

Rachel L. Bussett
(Attorney for Plaintiff)

Jason C. Webster
(Attorney for Plaintiff)

[ ] I hereby certify that on (date) _____, I served the attached document by (service method) _____ on the following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
_____
s/ Attorney Name

5