# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY POFF, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-15-936-R ) |
| OKLAHOMA DEPARTMENT OF HUMAN SERVICES; et al., | ) ) ) ) |
| Defendants. | ) ) |

**REPLY OF DEFENDANTS ED LAKE AND TONY BRYAN TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## I. STATEMENT OF THE CASE

Currently before the Court is the Motion to Dismiss and Supporting Brief of Defendants Ed Lake ("Lake") and Tony Bryan ("Bryan") and the Plaintiff's response brief in opposition thereto.

In their Motion (Doc. #29), Defendants Lake and Bryan seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) the Plaintiff cannot recover under 42 U.S.C. §1983 as a matter of law on her claim for violation of her rights under the United States and Oklahoma Constitutions asserted against these Defendants in her second cause of action; (2) these Defendants are entitled to qualified immunity from personal liability in their individual capacities for Plaintiff's §1983 claim alleged in this case; (3) the Plaintiff cannot recover against these Defendants as a matter of law on her <u>Burk</u> claim for wrongful termination in violation of Oklahoma public policy

asserted in her third cause of action; (4) the Plaintiff's fourth cause of action fails to allege an actionable claim for "civil conspiracy" against these Defendants; (5) the Plaintiff cannot recover against these Defendants as a matter of law on her claim for "fraud/deceit" asserted in her fifth cause of action; (6) the Plaintiff's sixth cause of action fails to allege an actionable claim for "intentional infliction of emotional distress" against these Defendants; (7) the Plaintiffs seventh cause of action fails to allege an actionable claim for "defamation" against these Defendants; and (8) the Plaintiff cannot recover against these Defendants as a matter of law on her claim for "violation of DHS policy" asserted in her eighth cause of action.

In her Response (Doc. #35) to the Defendants' Motion, the Plaintiff contends her action against Defendants Lake and Bryan should not be dismissed because the second cause of action of her Second Amended Complaint states a viable claim for relief under §1983 for First Amendment retaliation and for retaliatory violation of her rights under Article 2, §22, of the Oklahoma Constitution; that Defendants Lake and Bryan are not entitled to qualified immunity from liability for the Plaintiff's §1983 claim against them. See Doc. #35 at pages 4-16. In addition, the Plaintiff asserts her Second Amended Complaint sufficiently alleges an actionable claims against Defendants Lake and Bryan for violation of Oklahoma public policy in the third cause of action and for civil conspiracy in the fourth cause of action. See Doc. #35 at pages 17-22. The Plaintiff also contends that Defendants Lake and Bryan are liable under

Oklahoma law for her claim for fraud and deceit asserted in her fifth cause of action and her claim for intentional infliction of emotional distress alleged in her sixth cause of action. See Doc. #35 at pages 22-24. Lastly, the Plaintiff argues she has properly pled a claim for defamation against Defendants Lake and Bryan in her seventh cause of action. See Doc. #35 at pages 24-25.

Defendants Lake and Bryan respectfully disagree and submit that dismissal of the Plaintiff's Second Amended Complaint is indeed warranted under Rule 12(b)(6).

## II. ARGUMENT AND AUTHORITIES

The Second Amended Complaint clearly fails to state a claim upon which any relief can be granted against *any* of the Defendants and therefore all of her claims against Defendants Lake and Bryan must be dismissed.

First, as discussed at length in their brief in support of their Motion to Dismiss, Defendants Lake and Bryan submit the Plaintiff cannot recover against them under §1983 on her First and Fourteenth Amendment retaliation claim asserted in the second cause of action of her Second Amended Complaint because the allegations of the Second Amended Complaint simply are inadequate under the applicable law to allege an actionable retaliation claim against these Defendants. See Doc. #29 at pages 9-13. Moreover, should this Court conclude that the Plaintiff's second cause of action *does* sufficiently allege a viable §1983 claim against Defendants Lake and Bryan for retaliation then these Defendants are nonetheless entitled to qualified immunity from liability for

3

such a claim. In this regard, the United States Supreme Court has long recognized that government employees and official entitled to qualified immunity should not be subjected to the burdens of trial. See Harlow v. Fitzgerald, 457 U.S. 800, 817-818 (1982); see generally Brown v. Montoya, 662 F3d 1152 (10th Cir. 2011). The qualified immunity standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. at 341). Consequently, the Supreme Court has stated that a trial court is under an obligation to "exercise its discretion in a way that protects the substance of the qualified immunity defense." Crawford-El v. Britton, 523 U.S. 574, 597 (1998). To this end, there is a presumption is that under any qualified immunity analysis, the court should begin with the assumption that qualified immunity applies. See Medina v. Cram, 252 F.3d 1124, 1129-30 (10th Cir. 2001). Therefore, when the presumption required by law is applied to the allegations of the Plaintiff's Second Amended Complaint in the instant case, it is clear that Defendants Lake and Bryan are entitled to qualified immunity from liability for the Plaintiff's §1983 claim asserted against them in Plaintiff's second cause of action and such claim should be dismissed.

In addition, the Plaintiff's Burk claim against these Defendants for "violation of Oklahoma public policy" in connection with her termination asserted in her third cause of action must also be dismissed. The allegations of the Plaintiff's Second Amended Complaint clearly fall within the Whistleblower Act, 74 O.S.

4

§840-2.5, which provides the exclusive remedy for a state employee like the Plaintiff who claims she was terminated for reporting wrongful governmental activities. As a result, a Burk tort cause of action to redress the Plaintiff's alleged termination for violation the public policy will not lie against the Defendants in this case as a matter of law and is subject to dismissal. See Shephard v. Compsource, 2009 OK 25, 209 P.3d 288, 292.

Furthermore, the Plaintiff's claim against Defendants Lake and Bryan for "civil conspiracy" alleged in her fourth cause of action must also be dismissed. The allegations of the First Amended Petition contain *no* element of unlawfulness in the alleged acts of these Defendants and *no* unlawful elements in the objectives to be pursued sufficient to support a "civil conspiracy" claim against them. See Peterson v. Grisham, 594 F.3d 723, 730-31 (10th Cir. 2010). Thus, the Plaintiff cannot show any acts by these Defendants that would establish a plausible conspiracy to commit anything other than lawful activity and this Court must therefore dismiss the Plaintiff's "civil conspiracy" claim.

Nor can the Plaintiff recover against Defendant Lake and Bryan on her claim for "fraud/deceit" alleged in her fifth cause of action or her claim for "intentional infliction of emotional distress" asserted in her sixth cause of action. The Plaintiff's plausible factual allegations in support of her "fraud/deceit" claim fail to satisfy the "particularity" requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Similarly, the allegations of the Second Amended Complaint do not sufficiently allege any acts of Defendants Lake and Bryan which can be

characterized as "extreme and outrageous" conduct by them directed toward the Plaintiff required to establish a prima facie claim for intentional infliction of emotional distress under Oklahoma law.

Lastly, the Plaintiff's defamation claim alleged in her seventh cause of action fails as a matter of law because the defamatory statement at issue in this case was privileged under Oklahoma law (12 O.S. §1443.1).  Likewise, the Plaintiff cannot recover against Defendant Lake and Bryan on her claim for "violation of DHS policy" asserted in her eighth cause of action because such recovery against them is precluded by barred the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq.  See 51 O.S. §163(C).

### III.  CONCLUSION

The Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against Defendants Lake and Bryan because the Plaintiff cannot recover against these Defendants as a matter of law on *any* of her causes of action alleged in this case.  Therefore, the Court should grant the instant Motion and dismiss this action in its entirety Defendants Lake and Bryan.

    Respectfully submitted,

    *s/ RICHARD W. FREEMAN, JR.*
    Richard W. Freeman, Jr. (OBA #3130)
    John E. Douglas (OBA #2447)
    Assistant General Counsel
    Department of Human Services
    P.O. Box 25352
    Oklahoma City, OK  73125-0352

Telephone: (405) 521-3638
Facsimile: (405) 521-6816
E-mail: Richard.Freeman@okdhs.org
E-mail: John.Douglas@okdhs.org

*Attorneys for Defendants Oklahoma*
*Department of Human Services,*
*Ed Lake, and Tony Bryan.*

*Certificate of Service*

[✔] I hereby certify that on (date) March 29, 2016 _____, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

Rachel L. Bussett
(Attorney for Plaintiff)

Jason C. Webster
(Attorney for Plaintiff)

[ ] I hereby certify that on (date) _____, I served the attached document by (service method) _____ on the following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
_____
s/ Attorney Name