**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KIMBERLY POFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-15-936-R** |
| | ) | |
| **STATE OF OKLAHOMA, ex rel** | ) | |
| **DEPARTMENT OF HUMAN SERVICES,** | ) | |
| **ED LAKE, individually and in his official** | ) | |
| **capacity as the Director of the Oklahoma** | ) | |
| **Department of Human Services, TONY** | ) | |
| **BRYAN, individually and in his official** | ) | |
| **capacity as the Director of the Department of** | ) | |
| **Human Services,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. No. 28) filed by

Defendant, the State of Oklahoma ex rel. Department of Human Services. Plaintiff responded

to the motion and Defendant filed a reply. Having considered the parties' submissions, the

Court finds as follows.

Plaintiff filed this action alleging that she was terminated from her employment with

the Department of Human Services ("DHS") in August 2014 in retaliation for a then-pending

lawsuit against her prior state agency employer, the Oklahoma Department of Mental Health

and Substance Abuse Services ("ODMHSAS"). Plaintiff alleges she was terminated by DHS

after her attorney made public comments to the media regarding her litigation against the

ODMHSAS, and included in those comments was the fact that Plaintiff was employed by

DHS. Plaintiff was terminated thereafter ostensibly for failing to disclose that she had been terminated by ODMHSAS rather than resigned in lieu of termination as she indicated in her DHS application. Plaintiff contends, however, that Defendant Bryan, who was responsible for her hiring to the Office of Inspector General in May 2014 was aware of the circumstances of her termination from ODMHSAS and had conducted an extensive background check prior to her hiring. He allegedly stated that he needed to be able to justify his employment decision if ever called upon to do so. In her first cause of action of the Second Amended Complaint Plaintiff alleges retaliation by DHS and seeks relief under the federal and state constitutional provisions governing free speech. In her third claim for relief Plaintiff seeks relief from DHS for wrongful termination in violation of public policy pursuant to *Burk v. K-Mark Corp.*, 1989 OK 22, 770 P.2d 24 (Okla. 1989). Plaintiff's final claim against DHS, her eighth cause of action, alleges that DHS violated its own policies.

In response to the motion Plaintiff stipulates to the dismissal of the first cause of action against DHS, as it relates to § 1983, and to her claim that DHS is liable to her for violating its own policies, her eighth cause of action. As such, the only remaining question is whether Plaintiff can proceed with her claim alleging violation of her right to free speech under the Oklahoma Constitution, as raised in her first claim, or third claim, that her termination was in violation of public policy pursuant to *Burk*. Defendant DHS contends that neither claim is legally cognizable, and therefore it should be dismissed from this action. Defendant further contends that to the extent either claim is legally viable, Plaintiff has failed to allege sufficient facts to support such a claim.

Plaintiff contends her termination by DHS violated Oklahoma public policy because

she was discharged for pursuing a lawsuit against another state entity, and because she had spoken out against the wrongful conduct of that entity, ODMHSAS.[1] Defendant contends that Plaintiff cannot proceed with this claim because her only relief is pursuant to the Oklahoma Whistleblower Act, specifically Okla. Stat. tit. 74, § 840-2.5. Plaintiff contends she is not seeking to pursue a claim under the Oklahoma Whistleblower Act against DHS.

In *Rouse v. Grand River Dam Auth.*, 2014 OK 39, 326 P.3d 1139, (Okla. 2014), the Oklahoma Supreme Court reaffirmed "that the remedies and penalties provided by the Whistleblower Act are adequate to protect the public policy of encouraging state employees to report wrongdoing and, therefore a tort claim for discharge in violation of public policy is not available to a discharged whistleblower employee." *Id.* at 1140 (citing *Shephard v. CompSource Oklahoma*, 209 P.3d 288, 293 (Okla. 2009)). Defendant DHS contends that because Plaintiff's *Burk* claim is in essence a whistleblower claim, that it is foreclosed by Oklahoma precedent.[2]

In response Plaintiff contends that her *Burk* claim is not foreclosed because her termination was not precipitated by whistleblowing against her employer agency, DHS, but rather against ODMHSAS. Okla. Stat. tit. 74 § 804-2.5 provides, in relevant part:

> This section shall be known and may be cited as the "Whistleblower Act". The purpose of the Whistleblower Act is to encourage and protect the reporting of wrongful governmental activities and to deter retaliation against state

---

[1] Plaintiff's lawsuit against ODMHSAS related in part to her contention that her termination was in premised on a report that she authored regarding shortcomings at a drug treatment facility in Oklahoma, which she believed failed to meet the requisite State standards. She asserted that her supervisors did not want the report circulated because it did not wish to get involved in a dispute with Scientology, which runs the center.

[2] In *Rouse* the Plaintiff alleged he was terminated in retaliation for filing a claim under the Fair Labor Standards Act.

employees for reporting those activities. No conviction of any person shall be required to afford protection for any employee under this section.

B. For purposes of this section, "agency" means any office, department, commission or institution of the state government. No officer or employee of any state agency shall prohibit or take disciplinary action against employees of such agency, whether subject to the provisions of the Merit System or in unclassified service, for:

> 1. Disclosing public information to correct what the employee reasonably believes evidences a violation of the Oklahoma Constitution or law or a rule promulgated pursuant to law;

> 2. Reporting a violation of the Oklahoma Constitution, state or federal law, rule or policy; mismanagement; a gross waste of public funds; an abuse of authority; or a substantial and specific danger to public health or safety. . . .

Despite Plaintiff's contention to the contrary, the Court finds nothing in the relevant statutory provisions that limits application of the Whistleblower Act to issues raised about a state employee's agency employer as opposed to issues raised by a state employee relative to other state agencies. Plaintiff alleges that she was a state employee, employed by DHS, and that she was terminated after she filed suit against another state agency, ODMHSAS, alleging violations of the United States Constitution, as well as claims of age and sex discrimination, and various state law claims, including claims that ODMHSAS ignored her concerns regarding the safety of treatment at the Narconon facility. Accordingly, accepting as true Plaintiff's allegations that she was terminated by a state agency in retaliation for her claims, which included a report of the alleged violation of federal law and state issues of public health, her claims would fall within the Whistleblower Act, leaving the Act as her exclusive remedy pursuant to *Rouse* and she would not be entitled to seek relief pursuant to *Burk* for

a discharge in violation of public policy.

Furthermore, the same holds true for Plaintiff's contentions under the Oklahoma Constitution, Article 2 § 22. *See Poff v. State of Oklahoma ex rel . The Oklahoma Dept. Of Mental Health and Substance Abuse Servs.*, Case No. 14-1438-C, 2015 WL 1955377, *1 (W.D. Okla. April 29, 2015). As such, DHS is entitled to dismissal of Plaintiff's claims without regard to the adequacy of her factual allegations, because her exclusive remedy for the alleged violation of her state constitutional right to free speech is the Whistleblower Act.

For the reasons set forth herein, the Motion to Dismiss filed by the Defendant DHS is hereby GRANTED.

IT IS SO ORDERED this 22nd day of August, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE