# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY POFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-15-936-R |
| ) | |
| STATE OF OKLAHOMA, ex rel ) | |
| DEPARTMENT OF HUMAN SERVICES, ) | |
| ED LAKE, individually and in his official ) | |
| capacity as the Director of the Oklahoma ) | |
| Department of Human Services, TONY ) | |
| BRYAN, individually and in his official ) | |
| capacity as the Director of the Department of ) | |
| Human Services, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants Ed Lake and Tony Bryan, each sued in his individual and official capacities. (Doc. No. 29). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff was terminated from her position with the Department of Human Services ("DHS") where she was employed as an inspector. Defendant Tony Bryan was inspector general and Defendant Ed Lake was Director of DHS during the relevant time period. Plaintiff alleges that she was terminated in retaliation for a lawsuit she filed against the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS"). Plaintiff alleges claims against the defendants in both capacities pursuant to 42 U.S.C. §

1983, alleging they violated her rights under the First and Fourteenth Amendments. She also alleges claims arising under the Oklahoma Constitution. She seeks relief for termination in violation of public policy pursuant to *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24 (Okla. 1989). She alleges a civil conspiracy between Defendants Lake and Bryan, as well as claims for fraud and deceit, intentional infliction of emotional distress, defamation, and violation of DHS policy. Defendants seek dismissal of each of Plaintiff's claims.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir.2003) (citations and quotation marks omitted). At this juncture the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts that permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is not required to accept conclusory allegations without

supporting factual averments as true. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.1998). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct.. (citation omitted).

Defendants first seek dismissal of Plaintiff's claims under 42 U.S.C. § 1983 wherein she alleges that Defendants violated her rights under the First Amendment of the United States' Constitution.[1] "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). The five-prong *Garcetti/Pickering* test considers:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir.2009) (citation omitted). Defendants contend Plaintiff's Second Amended Complaint fails to state a claim under *Garcetti/Pickering* because Plaintiff's lawsuit was about personal issues, not about matters

---

[1] Plaintiff does not respond to Defendants' argument that in their official capacities they are not persons for purposes of § 1983. As such, Plaintiff has conceded the argument and her § 1983 claims against Defendants Lake and Bryan in their official capacities are hereby dismissed.

of public concern and because Plaintiff has failed to allege facts to support her contention that protected speech was a motivating factor in the decision to terminate her employment.

"Speech involves a public concern when the speaker intends to bring to light actual or potential wrongdoing or breach of public trust by a public official or to disclose[ ] any evidence of corruption, impropriety, or other malfeasance within a governmental entity." *Eisenhour v. Weber County*, 744 F.3d 1220, 1228 (10th Cir. 2014)(alteration in original) (quoting *Conaway v. Smith*, 853 F.2d 789 796)(10th Cir. 1998) (internal quotation marks omitted). The Court "must consider the speaker's motivation: Was the speech calculated to redress personal grievances or did it have some broader public purpose?" *Id.* (citing *Starrett v. Wadley*, 876 F.2d 808, 816 (10th Cir.1989)).

Speech pertaining to a public agency's discharging its governmental responsibilities generally will be regarded as speech on a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 148 (1983). As such, Plaintiff's contentions in her litigation against ODMHSAS regarding the decision to "bury" her unfavorable findings regarding the Narconon Arrowhead facility touches upon a matter of public concern, especially given her recommendation that the facility be closed and in light of the death of patients at the addiction treatment facility. Although the statements appear in a complaint that was designed, at least in part, to vindicate Ms. Poff's personal rights, the issue is nevertheless one of public concern. *See e.g. Deutsch v. Jordan*, 618 F.3d 1093, 1101 (10th Cir. 2010)(concluding that testimony by police chief in a defamation suit he filed in an attempt to clear his name against accusations of corruption was on a matter of public concern).

4

Additionally, Plaintiff's counsel made statements to the media regarding Plaintiff's recommendations as to the facility and her conclusion that it was operating in violation of state laws. The Court finds that Plaintiff has sufficiently alleged that she engaged in speech on a matter of public concern so as to avoid dismissal of her claim under the First Amendment under the second factor of the *Garcetti/Pickering* test.

As noted Defendants also challenge Plaintiff's allegations with regard to the fourth element of the test, whether her statements on matters of public concern were a substantial or motivating factor in her termination. Plaintiff alleges in her second amended complaint that she was assured that DHS understood the circumstances of her termination by ODMHSAS and that Tony Bryan stated to her upon hiring "Welcome Home, you're safe here. We did the investigation we did so that we could answer any questions about your employment with ODMHSAS should they come up." Second Amended Complaint, ¶ 24. Her termination by DHS followed three days after media coverage regarding her lawsuit against ODMHSAS, during which her attorney indicated that she was currently working for DHS. Despite the fact that DHS was aware of her situation, the reason given for her termination was that she allegedly lied on her application. The Court finds these allegations are sufficient to avoid dismissal pursuant to *Twombly* with regard to Plaintiff's First Amendment claim.

Plaintiff did not respond to Defendants' arguments that they are entitled to dismissal of her due process and equal protection rights claim, and accordingly, Plaintiff has waived any such claims. Defendants' motion to dismiss is granted with regard to such claims.

Defendants contend they are entitled to qualified immunity in their individual capacities with regard to Plaintiff's 42 U.S.C. § 1983 claim. The Court has determined that Plaintiff has sufficiently alleged facts to support her First Amendment claim and thus the Court must consider whether Defendants' actions, if proven, violate clearly established federal law at the time of the alleged misconduct. *See Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Plaintiff alleges in paragraphs 46 and 47 of the Second Amended Complaint that she was terminated by Defendants Lake and Bryan and that she was terminated after media coverage of her lawsuit against ODMHSAS. It was clearly established that public employment cannot be terminated on the basis of protected statements of an employee. "[I]t is essential that public employees be able to speak out freely [on matters of public concern] without fear of retaliat[ion]." *Connick*, 461 U.S. at 149. Thus, the Court concludes that Defendants are not entitled to dismissal on the basis that the law was not clearly established in 2014.

Defendants also seek dismissal of the third claim for relief set forth in the Second Amended Complaint wherein Plaintiff alleges that her termination violated Oklahoma public policy, a claim pursuant to *Burk v. K-Mart*, 1989 OK 22, 770 P.2d 24 (Okla. 1989). Defendants contend that to the extent Plaintiff contends that she was terminated for revealing information about the ODMHSAS and its alleged burying of the report regarding the Narconon Arrowhead facility that her claims are covered by the Whistleblower Act, which provides the exclusive remedy for state employees.

In *Rouse v. Grand River Dam Auth.*, 2014 OK 39, 326 P.3d 1139 (Okla. 2014), the Oklahoma Supreme Court reaffirmed "that the remedies and penalties provided by the Whistleblower Act are adequate to protect the public policy of encouraging state employees to report wrongdoing and, therefore a tort claim for discharge in violation of public policy is not available to a discharged whistleblower employee." *Id.* at 1140 (citing *Shephard v. CompSource Oklahoma*, 2009 OK 25, 209 P.3d 288, 293 (Okla. 2009)).

In response Plaintiff contends that her *Burk* claim is not foreclosed because her termination was not precipitated by whistleblowing against her employer agency, DHS, but rather against ODMHSAS. Okla. Stat. tit. 74 § 804-2.5 provides, in relevant part:

> This section shall be known and may be cited as the "Whistleblower Act". The purpose of the Whistleblower Act is to encourage and protect the reporting of wrongful governmental activities and to deter retaliation against state employees for reporting those activities. No conviction of any person shall be required to afford protection for any employee under this section.
>
> B. For purposes of this section, "agency" means any office, department, commission or institution of the state government. No officer or employee of any state agency shall prohibit or take disciplinary action against employees of such agency, whether subject to the provisions of the Merit System or in unclassified service, for:
>
> > 1. Disclosing public information to correct what the employee reasonably believes evidences a violation of the Oklahoma Constitution or law or a rule promulgated pursuant to law;
> >
> > 2. Reporting a violation of the Oklahoma Constitution, state or federal law, rule or policy; mismanagement; a gross waste of public funds; an abuse of authority; or a substantial and specific danger to public health or safety. . . .

Despite Plaintiff's contention to the contrary, the Court finds nothing in the relevant statutory provisions that limits application of the Whistleblower Act to issues raised about a state employee's agency employer as opposed to issues raised by a state employee relative to other state agencies. Plaintiff alleges that she was a state employee, employed by DHS, and that she was terminated after she filed suit against a state agency, ODMHSAS, alleging violations of United States Constitution, as well as claims of age and sex discrimination, and various state law claims, including claims that ODMHSAS ignored her concerns regarding the safety of treatment at the Narconon facility. Accordingly, accepting as true Plaintiff's allegations that she was terminated by Defendants Lake and Bryan in retaliation for her lawsuit and its attendant publicity, which reported the alleged violation of state laws regarding public health, her claims would fall within the Whistleblower Act, leaving the Act as her exclusive remedy pursuant to *Rouse*.[2]

Defendants seek dismissal of Plaintiff's fourth claim, her action for civil conspiracy. "A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or do a lawful act by unlawful means." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997)(footnote omitted). "To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Id.* (footnote omitted). If the act complained of and the means employed are lawful, there is no liability. *Id*. Plaintiff alleges

---

[2] The Court also notes, although Defendants did not raise the issue, that thus far the Oklahoma Court of Civil Appeals has declined to permit *Burk* claims to proceed against individual supervisors. *See Eapen v. McMillan*, 2008 OK CIV APP 95, 196 P.3d 995 (Okla.Civ.App. 2008). Additionally, this limitation would preclude Plaintiff from pursuing a claim under the Oklahoma Constitution. *See Poff v. State of Oklahoma ex rel . The Oklahoma Dept. Of Mental Health and Substance Abuse Servs*., Case No. 14-1438-C, 2015 WL 1955377, *1 (W.D. Okla. April 29, 2015).

that Defendants Lake and Bryan endeavored together and with other employees of DHS, an employee of ODMHSAS and the Governor, to suppress the information that DHS had full knowledge of her termination and claims against ODMHSAS. She contends she was terminated illegally as a result, citing *Burk* in response to the motion to dismiss. She further alleges that the conspiracy was designed to suppress her right to gainful employment, to earn retirement and to earn social security benefits. to craft a basis for her termination because of her allegations against the ODMHSAS. The Court concluded above that Plaintiff stated a claim for violation of her right to free speech under the First Amendment with regard to the individual defendants. This unlawful act can provide a basis for Plaintiff's civil conspiracy claim. The allegations in the Second Amended Complaint are sufficient to state a claim for civil conspiracy.

With regard to her fifth cause of action, for fraud and deceit against Defendants Lake and Bryan, the Court finds that even accepting Plaintiff's allegations as true, that she has failed to state a claim for relief. Plaintiff alleges in the Second Amended Complaint that Defendants knowingly withheld from her the true basis for her termination. To state a claim for deceit under Oklahoma law Plaintiff must allege that she relied on Defendants' false representations and that her reliance led to injury. *See Olds v. Bank of America NA*, 573 Fed.Appx. 710, 711 (10th Cir. 2014). Plaintiff, however, pleads no facts, but rather only conclusory allegations that she relied on false representations to her financial detriment. As such, Plaintiff's fifth cause of action is hereby dismissed against Defendants Lake and Bryan, individually and in their official capacities.

In her sixth cause of action Plaintiff seeks relief on a theory of the intentional infliction of emotional distress. Oklahoma recognizes the tort of outrage, otherwise known as the intentional infliction of emotional distress. *See Gaylord Entm't Co. v. Thompson*, 1998 OK 30, 958 P.2d 128, 149 (Okla. 1998). Such claims are governed by the standard set forth in the Restatement Second of Torts, § 46. *Id*.

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Breeden v. League Services Corp.*, 1978 OK 27, 575 P.2d 1374, 1375 (Okla. 1978) (quoting Restatement (Second) of Torts § 46 cmt. d.). To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Schovanec v. Archdiocese of Okla. City*, 2008 OK 70, 188 P.3d 158, 175 (Okla. 2008) (quoting *Computer Pubs., Inc. v. Welston*, 2002 OK 50, 49 P.3d 732, 735 (Okla. 2002)). The Court assumes a "gatekeeper role" and makes the initial determination whether a defendant's conduct "may reasonably be regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." *Trentadue v. United States*, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law).

The Court concludes that Plaintiff has not alleged any behavior by either Defendant Lake or Defendant Bryan that was extreme or outrageous under the narrow standard. Although Plaintiff contends she was terminated due to a lawsuit filed against her prior agency employer and that Defendant Lake and Bryan failed to inform her of the actual reason for her termination, the Court concludes that even accepting her allegations as true, that the conduct does not rise to the level required for a claim of intentional infliction of emotional distress. Accordingly, Plaintiff's sixth cause of action is hereby dismissed.

In her seventh cause of action Plaintiff seeks relief from Defendants Lake and Bryan on a theory of defamation. She contends that Defendants made "false or malicious unprivileged publication by writing which exposed the Plaintiff to public hatred, contempt, ridicule or obloquy and which tended to deprive Plaintiff of public confidence or to injure Plaintiff in her occupation and said false claims injured Plaintiff in respect to her profession, trade or business either by imputing to her general disqualification in those respects which the office or other occupation peculiarly require, or by imputing something with reference to her office, profession, trade or business which had a natural tendency to lessen Plaintiff's income." Second Amended Complaint, ¶ 131. In response to Defendant's motion Plaintiff cites solely to this paragraph of her Second Amended Complaint. The Court finds that Plaintiff has failed to allege sufficient facts in support of her claim for defamation, having essentially recited the definition of defamation without adding specific factual allegations thereto. As such, Defendants Lake and Bryan are entitled to dismissal Plaintiff's seventh cause of action.

Plaintiff did not respond to Defendant's argument that she cannot prevail on her claim that they violated DHS policy, and accordingly, Plaintiff's eighth cause of action is hereby dismissed with regard to Defendants Lake and Bryan.

For the reasons set forth herein, the Motion to Dismiss filed by Defendants Lake and Bryan (Doc. No. 29) is hereby granted with regard to the claims against the Defendants in their official capacities and granted with regard to Plaintiffs' claim under the Oklahoma constitution, and the equal protection and due process clauses. It is further granted as to her claim under *Burk* and with regard to her claims for fraud and deceit, the intentional infliction of emotional distress, defamation and violation of DHS policy. The motion is denied with regard to Plaintiff's claim for violation of her First Amendment rights and her claim of civil conspiracy.

IT IS SO ORDERED this 22nd day of August, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE