# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| KIMBERLY POFF, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CIV-15-936-R |
| OKLAHOMA DEPARTMENT OF HUMAN SERVICES, et al., | ) |  |
| Defendants. | ) |  |

## ORDER

Defendant, the Oklahoma Department of Human Services, filed a Motion to Dismiss Third Amended Complaint (Doc. No. 57). Plaintiff responded in opposition thereto, and accordingly, the motion is ripe for consideration. Having considered the parties' submissions, the Court finds as follows.

The Department of Human Services (DHS) seeks dismissal of Plaintiff's claim for "retaliation discrimination." Defendant asserts she cannot seek relief on such a claim, because the Court previously ruled that Plaintiff's exclusive remedy for the alleged retaliation for her pursuit of a suit against her prior state employer is the Oklahoma Whistleblower Act. Because the legal theory underpinning Plaintiff's retaliation claim against DHS was not clear, Plaintiff cited to various statutes and constitutional provisions in the Third Amended Complaint, DHS was left to speculate as to Plaintiff's theory or theories of liability. In response to the motion to dismiss, Plaintiff clearly identifies the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a), as a basis for her claim.

Ms. Poff seeks relief under the participation clause of Title VII, which makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Plaintiff alleges in the Third Amended Complaint that she submitted a timely Charge of Discrimination to the EEOC against the Defendant alleging retaliation on Nov 7, 2014; the EEOC issued a Notice of Right to Sue that same date. Third Amended Complaint ¶¶ 3-4. The retaliation she alleges was not the result of a prior EEOC charge against DHS. Rather, she asserts that she was employed by the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS") prior to DHS, and that upon termination from ODMHSAS she filed a lawsuit alleging gender discrimination in violation of Title VII. *Id.* ¶ 13. She asserts "DHS specifically Tony Bryan and Ed Lake were aware of Plaintiff's claims and her EEOC claims against ODMHSAS at the time she was hired." *Id.* ¶ 54. She alleges her discharge by DHS occurred seventeen days after she filed suit against ODMHSAS, and three days after media attention for the suit. *Id.* at 57. She contends that her termination by DHS was in retaliation for her lawsuit against the ODMHSAS. *Id.* ¶ 62-63. She correctly asserts it is against the law for an employer to terminate an employee for "filing or being a witness in an EEOC charge, complaint, investigation or lawsuit." *Id.* ¶ 65. The Court finds that these allegations, taken together, are sufficient to allege a claim for retaliation in violation of Title VII.

Similarly, the allegations are sufficient to state a claim under the OADA, a theory Defendant anticipated Plaintiff might be seeking to pursue. Defendant contends, however,

that Plaintiff only added this claim in the Third Amended Complaint, and therefore, the claim is untimely. Although Plaintiff's pleadings, including the initial Petition, are not models of clarity, she directs the Court to that January 2015 Petition, wherein she alleged:

> 69. On November 1, 2011, 25 O.S. § 1350 went into effect creating a statutory remedy for employment-based discrimination and Ms. Poff has a claim against the Defendants under the same.

Petition, ¶ 69. Plaintiff further alleged therein that she received a notice of Right to Sue on November 7, 2014, and her January 2015 filing of the Petition was within the ninety-day filing period of Okla. Stat. tit. 25 § 1350(I). The Court finds the sufficient pleading of an OADA claim in the Petition, albeit barely. As such, Defendant is not entitled to dismissal of Plaintiff's OADA claim on the basis that it was not timely filed.

Defendant also argued that Plaintiff could not proceed on her constitutional due process claim because she lacks a property interest in her continued employment with DHS, an argument to which Plaintiff did not respond. As such, the Court finds that Plaintiff has disavowed any claim that her termination violated her due process rights under the Oklahoma Constitution.[1]

Finally, Defendant argues that Plaintiff cannot proceed on her claims that her rights to free speech under Article 2 § 22 of the Oklahoma Constitution and her right to a jury trial under Article 2 § 19 thereof, because she failed to allege that the conduct of the Department or its employees was "extreme and outrageous" as required by *GJA v. Oklahoma Dept. of Human Services*, 347 P.3d 310 (Okla.Civ.App. 2015). Plaintiff argues

---

[1] Plaintiff does not have federal constitutional claims against the Department under § 1983 and thus the parties' reference to the federal constitution is superfluous.

the cases cited by Defendant are inapposite and that "the notion that any constitutional claims against a state agency must involve circumstances that are egregious and extreme are outrageous and would severely impugn the rights of its citizens to redress harm done to them." Doc. No. 61, p. 10.

To the extent Plaintiff is seeking to pursue a standalone claim for violation of her rights to free speech and a jury trial under the Oklahoma Constitution, the Court concludes that the state of the law in Oklahoma is sufficiently unsettled so as to lead the Court to decline to exercise supplemental jurisdiction over such claims.

> Unlike Congress, the Oklahoma legislature has not enacted a statutory mechanism to allow injured parties to bring claims for violations of their constitutional rights. *See* 42 U.S.C. § 1983; Lance R. Chism, *Bivens–Type Actions Under State Constitutions–Will Tennessee Give You A Remedy?*, 30 U. Mem. L.Rev. 409, 419–21 (2000) ("Only a few state legislatures have created miniature § 1983s to address violations of their own state constitutions."). Moreover, although the Supreme Court has recognized that certain rights guaranteed by the federal Constitution directly imply a cause of action for injured plaintiffs, that holding has not been expanded to apply universally to violations of all state constitutional rights as well. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied cause of action for a Fourth Amendment violation); *see also Carlson v. Green*, 446 U.S. 14, 16–24 (1980) (applying *Bivens* to the Eighth Amendment's guarantee against cruel and unusual punishment); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (holding plaintiff had a Bivens cause of action under the equal protection component of the Fifth Amendment's Due Process Clause).

Trant v. Oklahoma, 2012 WL 6690358 (W.D.Okla. Dec. 21, 2012), *affirmed in part reversed in part,* 754 F.3d 1158 10th Cir. 2014)**.** After *Trant¸* the Oklahoma Supreme Court recognized a claim for excessive force under the Oklahoma Constitution in *Bosh v. Cherokee County Building Authority,* 305 P.3d 994 (Okla. 2013). Since *Bosh,* however, there is confusion among the federal and state courts in Oklahoma regarding its application

4

and whether it can be extended beyond the arena of excessive force. Although a subsequent decision from the Oklahoma Court of Civil Appeals concluded that *Bosh* stands "for the proposition that the [Oklahoma] Supreme Court recognizes a broader scope of actionable claims based upon violations of constitutional rights," *GJA,* 347 P.3d at 316, that court concluded that prior cases recognizing claims involved "facts [that] reveal an egregious and extreme set of circumstances showing that the individual defendant(s) intentionally inflicted physical harm on the plaintiff." *Id*. The undersigned concludes, consistent with a recent decision from this district, that in light of the disagreement among the state and federal courts regarding the scope of *Bosh*, that the Court will *sua sponte* decline to exercise supplemental jurisdiction over any standalone state constitutional claims Plaintiff is seeking to pursue. *See Daffern v. Rhodes,* 2016 WL 7429454 (W.D.Okla. Dec. 24, 2016); *see also* 28 U.S.C. § 1367(c)(1) (stating "district courts may decline to exercise supplemental jurisdiction over a claim" if it "raises a novel or complex issue of State law"). Such claims are hereby remanded to the District Court of Oklahoma County.

For the reasons set forth herein, the Motion to Dismiss filed by Defendant DHS is denied with regard to Plaintiff's Title VII and OADA claim. Any claim for the violation of Plaintiff's due process rights under the Oklahoma constitution is hereby DISMISSED WITH PREJUDICE. Plaintiff's claims under Article 2 §§ 19 and 22 are hereby REMANDED.

**IT IS SO ORDERED** this 7th day of June 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE