IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY POFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-936-R |
| | ) |
| STATE OF OKLAHOMA, ex rel. | ) |
| DEPARTMENT OF HUMAN | ) |
| SERVICES, ED LAKE, individually | ) |
| And as Director of the | ) |
| Oklahoma Department of | ) |
| Human Services, TONY BRYAN, | ) |
| Individually and in his official | ) |
| capacity as Director of the | ) |
| Department of Human Services, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant, the Department of Human Services ("DHS"), has filed a Motion for Summary Judgment (Doc. No. 82), to which Plaintiff has filed a Response (Doc. No. 89) and Defendant a Reply (Doc No. 96). The Court has considered the parties' submissions, and finds as follows.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a)). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Tabor v. Hill, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (quoting *Equal Emp't Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir.2000)).

The Court has previously dismissed certain of Plaintiff's claims, and what remains against the Department are claims for retaliatory discharge under federal and state law. She contends that her employment with the Department of Human Services came to an end when the Department discovered she had filed an EEOC charge and a subsequent lawsuit against her prior employer, another state agency, the Oklahoma Department of Mental Health and Substance Abuse Services. As noted, Plaintiff's claim against DHS is for retaliatory discharge in violation of Title VII and the Age Discrimination in Employment Act, with similar claims under the Oklahoma Anti-Discrimination Act. Defendant seeks summary judgment on the basis that Plaintiff cannot establish a prima facie case of retaliation and/or that she cannot establish that its legitimate non-retaliatory reason for her discharge was pretext for retaliation for engaging in protected activity.

Title VII and the Age Discrimination in Employment Act both prohibits retaliation. *See* 42 U.S.C. § 2000e-3(a), 28 U.S.C. § 623(d). To establish a prima facie case of retaliation, Plaintiff must present evidence that she (1) engaged in protected activity; (2) suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Vaughn v. Villa*, 537 F.3d 1147, 1150–51 (10th Cir. 2008) (quoting *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1123–24 (10th Cir. 2007)).[1] There are two categories of protected activity, participation and opposition. *Id.* (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998)). Under the participation clause, an employer may not retaliate against an employee who

---

[1] The same analysis governs Plaintiff's OADA claim.

"has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); Vaughn, 537 F.3d at 1151. The opposition clause prohibits retaliation by an employer against an employee "because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a); *Vaughn*, 537 F.3d at 1151.[2]

With regard to the participation clause, Defendant concedes that Plaintiff engaged in protected activity by filing her January 2014 EEOC charge against the ODMHSAS and the August 2014 civil action asserting gender and age discrimination against that same agency. Defendant further concedes that Ms. Poff was subject to an adverse employment action, because her employment with the DHS was terminated on August 22, 2014. Defendant contends however, that Plaintiff lacks evidence of any causal connection between her protected activity and her termination. This contention is premised on the absence of knowledge by the final decisionmaker, Tony Bryan, of Plaintiff's EEOC charge or Title VII and ADEA litigation against the ODMHSAS.[3] The Court agrees.

There is no dispute that an August 20, 2014 newspaper article was the beginning of the end for Plaintiff's job at DHS, she was terminated only two days after the article mentioned a lawsuit against OSMHSAS.[4] The article, however, made no reference to any

---

[2] Plaintiff asserts at one point in her brief that she has both an opposition and a participation claim. The substance of the brief, however, addresses only the participation clause; she references the opposition clause only in passing. The Court therefore declines to address any opposition claim. Regardless, for the reasons set forth below, Defendant would be entitled to summary judgment on any claim relying on the opposition clause on the same grounds as it is entitled to summary judgment on her participation claim.

[3] The evidence upon which Plaintiff relies to support Defendant Bryan's knowledge of the EEOC charge, does not actually support the propositions for which it is cited and it is to not sufficient to assert that Defendant Bryan knew the entirety of the circumstances regarding her termination from ODMHSAS when she was hired into DHS OIG.

[4] As explained in the Court's Order issued this same date with regard to Defendant Bryan's motion, Defendant Lake saw an article in the newspaper indicating that Ms. Poff, a former employee of the ODMHSAS, had been hired by

claim by Plaintiff against ODMHSAS for gender or age discrimination. Rather, the article focused on her allegation that ODMHSAS sought to block negative information about a drug treatment facility that Plaintiff investigated in the scope of her duties with ODMSAS. There is no evidence to support Plaintiff's contention that the decisionmaker, Tony Bryan, was aware of Plaintiff's protected activity, his knowledge about her first lawsuit being limited to what the information contained in the article.

In support of her theory that she has sufficient evidence to support a prima facie case, Plaintiff relies on state law agency principles. Those principles do not apply in this context.

> A plaintiff establishes a causal connection between her protected conduct and the adverse employment action by proffering "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1279 (10th Cir.2005) (internal quotation marks omitted). Although evidence of "very close[ ]" temporal proximity will provide compelling evidence of retaliation, and, in some cases, may be sufficient on its own, *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir.2007), a plaintiff must also show that the person who engaged in the adverse employment action was aware of the protected activity, *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (noting that some cases "accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case" (emphasis added)); *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir.2002) ("An employer's action against an employee cannot be because of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition.").

*Unal v. Los Alamos Public Schools*, 638 Fed.Appx. 729, 741-42 (10th Cir. Jan. 29, 2016).

---

DHS. Prior to that article he was unaware of Ms. Poff, but not liking the implications of having hired an employee who had been fired by another agency, he contacted the Chief of Staff for DHS and asked that she look into Ms. Poff's hiring. Lee Anne Bruce Boone asked Defendant Bryan, the Inspector General for DHS to investigate the circumstances of Ms. Poff's hiring.

The article that set off the chain of events leading to Plaintiff's termination made no mention of Plaintiff's claims that she was the victim of gender and age discrimination at ODMHSAS. To "establish a 'causal connection' plaintiff must show that the individual who took adverse action against her, Defendant Bryan, knew of her protected activity.

> "[I]t is apparent that protected activity cannot bear a causal relationship to adverse action if those taking the action were unaware of the existence of the protected action." *Shinwari v. Raytheon Aircraft Co.*, 215 F.3d 1337, 2000 WL 731782, at *6 (10th Cir.2000) (table opinion) (unpublished), *overruled on other grounds by Crumpacker v. Kan. Dep't of Human Res.*, 338 F.3d 1163 (10th Cir.2003). As a prerequisite to this showing, the plaintiff must present evidence from which a reasonable factfinder can conclude that those who decided to take the adverse action against the plaintiff had knowledge of the protected activity. *See Montes v. Vail Clinic Inc.*, 497 F.3d 1160, 1176 (10th Cir.2007) ("To satisfy [the causal connection] element, a plaintiff must show that the individual who took adverse action against [him or her] knew of the employee's protected activity." (internal quotation marks omitted)); *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir.1993) (holding that, when the plaintiff failed to provide any evidence showing that the defendant knew of the plaintiff's complaints the plaintiff failed to prove a "causal connection," and summary judgment was proper on the plaintiff's retaliation claim). "[A]n employer's action against an employee cannot be because of that employee's protected conduct unless the employer knows the employee has engaged in protected opposition." *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir.2002) (emphasis in original).

*Walton v. New Mexico State Land Office*, 113 F. Supp. 3d 1178, 1192 (D.N.M. 2015).

Plaintiff's reliance on state law theories of agency to impute knowledge of any Department employee to the Defendant DHS is inapposite. Although Defendant Lake testified that he might have been aware that Plaintiff's claims against ODMHSAS included an allegation of gender discrimination, he testified he did not inform anyone of this information when he asked for an inquiry into the circumstances of Ms. Poff's hiring at the Department . There is no evidence that Defendant Bryan had any knowledge of Plaintiff's

protected activity, and accordingly, Defendant Department is entitled to summary judgment on Plaintiff's retaliation claims under Title VII, the ADEA, and the OADA.

For the reasons set forth herein, the motion for summary judgment (Doc. No. 82) is hereby **GRANTED.**

**IT IS SO ORDERED** this 20th day of November 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE